## 58344. INSURANCE COMPANY OF NORTH AMERICA et al. v. MONEY.

QUILLIAN, Presiding Judge.

This is an appeal from the judgment of the superior court which affirmed an award of the State Board of Workers' Compensation.

1. The evidence was sufficient to support the award except for that portion which will be discussed in Division 2 of this opinion.

2. The claimant was awarded $450 for the payment of the services of her daughter who cared for her for some time after her confinement to the hospital. Her doctor had advised her that she should have someone to assist her in her home during her period of recovery. While it would seem that this was an expense which was the direct result of her illness we can find no authorization for the payment of the services of non-medical personnel in the Workers' Compensation Act.

Counsel for the appellant contends that the payment for the claimant's daughter's services is authorized by that part of Code Ann. § 114-501 (Code § 114-501; as amended through 1975, pp. 190, 196) which provides: "An emergency, on account of the employer's failure to provide the medical or other care as herein specified or for other cogent reasons, authorizes the employee to seek temporary care as may be necessary. The employer shall pay the reasonable cost of the temporary care, within the limit of the amount set forth above, if ordered by the board." Appellant's counsel argues that since the employer had refused to pay the medical that the claimant was authorized to employ her daughter to assist her under that portion of the statute which states "provide medical *or other care* as herein specified." However, the type service which the daughter rendered is not "herein specified" in the statute. The statute states "The employer shall furnish the employee, entitled to benefits under Title 114, such medical, surgical, hospital, vocational rehabilitation, and other treatment, including medical and surgical supplies, original artificial members, prosthetic devices and aids, and replacement of artificial members, prosthetic devices and aids damaged or destroyed in a compensable accident, which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." The only portion of the above-quoted provision that might reasonably be interpreted to include the type services rendered by the claimant's daughter is that which states "medical, surgical, hospital and *other treatment.*" While it may have been necessary for the claimant to have someone to assist her in her home during her period of recovery, it can not be said that such services was "treatment" of the claimant.

We do not base our interpretation of the statute as was done in *Bituminous Cas. Corp. v. Wilbanks,* 60 Ga. App. 620 (4 SE2d 916) on the fact that the daughter would not be entitled to payment of her services because of her relationship to the claimant. We have reached our conclusion purely on the basis that the statute just does not provide for the payment of the type service which the

claimant's daughter provided.

As we have stated, it seems clear from the record that the cost of the services of the daughter was a reasonable expense which was the direct result of the claimant's injury. In this case the daughter was married and lived in another area of the state and moved in with her mother to care for her. It is unfortunate that the daughter can not be compensated for her efforts, however, that is a legislative and not a judicial matter.

That portion of the award which directed that the claimant's daughter be paid for her services was not valid. Therefore, it is directed that the case be remanded to the State Board of Workers' Compensation with direction that the invalid portion of the award be stricken.

*Judgment affirmed in part; reversed in part; costs to be paid by appellant. Smith and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 26, 1979.

*Steven E. Marcus,* for appellants.
*Thomas H. Calhoun,* for appellee.