27649. BITUMINOUS CASUALTY CORPORATION *v.* WILBANKS *el al.*

DECIDED SEPTEMBER 16, 1939.

*T. Elton Drake, Edward B. Lovell,* for plaintiffs in error.
*Jesse M. Sellers,* contra.

GUERRY, J. On December 16, 1937, Earl Wilbanks sustained an injury which arose out of and in the course of his employment. Compensation was paid to him, including doctor's bill and hospital expenses. After he returned from the hospital he was confined to his bed at his home for four weeks, and during that time his wife nursed and waited on him. She filed a claim for her services in waiting on her husband, at the rate of twenty dollars a week, under the Code, §§ 114-501, 114-502 (Ga. L. 1937, pp. 230, 233, 528, 532, 533), contending that, although medical, hospital, and surgical treatment had been furnished, the term "other treatment" as used in said act embraced the services furnished by her to her husband, the employee, during his confinement in his home. The deputy director found, under the evidence submitted, that the words "other treatment" did not include services rendered by the wife or husband of an injured person. On appeal to the superior court this finding was reversed, and the em-

ployer and the insurance carrier were directed to pay $80 for four weeks service. Exception was taken to this ruling. The wife in this case was not a trained nurse, nor were the services rendered, such as the giving of medicine prescribed by the doctor and the assisting of the injured person in getting in and out of bed, of such an unusual type or quality as could not and would not have been performed by the usual housewife. The question presented is whether a wife may recover, under the workmen's compensation act, for such services furnished to her husband.

In 1 Honnold On Workmen's Compensation, § 200, it is said: "A claim by a member of the family of the injured employee, not a professional nurse, for remuneration for nursing done for the employee, will not be made a charge against the employer or insurance carrier. To do this would open a door for unskillful treatment and charges that should not be made a burden upon industry. It is usually to be presumed that members of the family and relatives will, through their affection, render any aid possible to the injured employee, without cost." It is said in 71 C. J., 774, § 489(c): "It has been held that recovery can not be had for nursing services voluntarily rendered. Under the rule that a husband is entitled to the services of his wife, an employee may not be permitted to recover for his wife's services as a nurse in their home in the absence of statutory authority; . . allowance of a claim for a member of deceased's family as a practical nurse will not be allowed." The common-law rule of negligence, that the wrong-doer can not mitigate his liability by taking advantage of relief furnished by one's wife, family, or friends, has no application in cases under the workmen's compensation act. See Milwaukee v. Miller, L. R. A. 1916A 1. In Galway v. Doody Steel Erecting Co., Conn. (130 Atl. 705), it is said: "Neither husband nor wife can recover in an action on contract for services rendered to the other in sickness, since legal duty of husband and wife is to attend, nurse, and care for the other when either is unable to care for himself, and services between members of a household being presumed to be gratuitously rendered." That case was a proceeding under the workmen's compensation act of Connecticut. The court said: "Two reasons have been given for this rule: The first, which applies to express as well as to implied contracts, is that it is the legal duty of the husband and wife to attend,

nurse, and care for the other when either is unable to care for himself. . Foxworthy *v.* Adams, 136 Ky. 403. . . The second reason, applicable only to implied contracts, is that the presumption of a promise to pay, which ordinarily supports such implication, is nullified by the presumption that between members of a household services are gratuitously rendered." Moreover, in Georgia, in the absence of any contract or agreement, express or implied, on the part of the husband, the earnings and services of the wife belong to him. *Roberts* v. *Haines,* 112 *Ga.* 842 (38 S. E. 109) ; *Cotter* v. *Gazaway,* 141 *Ga.* 534 (81 S. E. 879). The term, "other treatment" as used in the act above referred to, does not include the ordinary services of a wife furnished to her husband after his return from a hospital, but before he has fully recovered, as in the present case. The court erred in reversing the finding of the Industrial Commission, and in directing that the claim of the wife be paid.

 *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*