73942. HOPSON et al. v. HICKMAN.
(357 SE2d 280)

CARLEY, Judge.

Appellee-employee suffered an on-the-job injury to his spinal cord which resulted in quadriplegia. Appellant employer and insurer have never controverted appellee's entitlement to receive workers' compensation income benefits as the result of his injury. What appellants do contest is the extent to which OCGA § 34-9-200 entitles appellee to receive workers' compensation medical benefits.

The issue of the extent of appellee's entitlement to medical benefits arises from the following facts: After appellee's hospitalization, he moved into his parents' home. At appellants' considerable expense, the home had been renovated to accommodate a quadriplegic resi-

dent. Appellee's mother initially served as appellee's around-the-clock attendant. However, appellants subsequently agreed that appellee's at-home attendant care should be provided, at least partially, by compensated third parties. Accordingly, at their expense, appellants authorized the Medical Personnel Pool, a private agency, to provide attendant care to appellee from 9 a.m. to 11 p.m. on a daily basis. From 9 a.m. to 1 p.m., appellee's attendant was a licensed practical nurse. From 1 p.m. to 11 p.m., appellee's attendant was an aide. Appellee's mother continued to provide attendant care for the remaining 10 hours of each day. This arrangement proved to be physically and mentally exhausting for appellee's mother. Appellee and his parents agreed among themselves that he could have their renovated house and that they would move elsewhere. As the result of this intra-family agreement, appellee filed a workers' compensation claim for medical benefits based upon 24-hour attendant care to be provided entirely by licensed practical nurses.

Appellee's claim came on for a hearing before an administrative law judge (ALJ). After hearing the evidence, the ALJ found that appellee's physical condition warranted 24-hour attendant care and that the appropriate level of that continuous care would be that such as licensed practical nurses were trained to provide. The award of the ALJ "directed [appellants] to authorize Medical Personnel Pool to furnish round-the-clock continuous care to [appellee] by Licensed Practical Nurses at [appellants'] expense. . . ." Upon its de novo review, the Full Board adopted the award of the ALJ as its own. On appeal to the superior court, the award of the Full Board was affirmed. This court granted appellants' application for a discretionary appeal from the superior court's affirmance of the award.

1. Appellants urge that no award for in-home attendant care is authorized under our Workers' Compensation Act and they rely upon *Insurance Co. of N. A. v. Money*, 152 Ga. App. 72 (262 SE2d 240) (1979) for this proposition. In *Money*, "[t]he claimant was awarded $450 for the payment of the services of her daughter who cared for her for some time after her confinement to the hospital. Her doctor had advised her that she should have someone to assist her in her home during her period of recovery. While it would seem that this was an expense which was the direct result of her illness[, this court held that it could find] no authorization for the payment of the services for non-medical personnel in the Workers' Compensation Act." *Insurance Co. of N. A. v. Money*, supra at 72 (2). "The only portion of [former OCGA § 34-9-200] that might reasonably be interpreted to include the type services rendered by the claimant's daughter is that which states 'medical, surgical, hospital and *other treatment*.' While it may have been necessary for the claimant to have someone to assist her in her home during her period of recovery, it cannot be said that

such services was 'treatment' of the claimant." (Emphasis in original.) *Insurance Co. of N. A. v. Money*, supra at 73 (2).

It would appear that the decision in *Insurance Co. of N. A. v. Money* does not constitute applicable authority for the resolution of the case sub judice. *Money* was decided under former OCGA § 34-9-200. Ga. L. 1985, pp. 727, 730 struck former OCGA § 34-9-200 in its entirety and enacted existing OCGA § 34-9-200 in its stead. Although appellee was injured in 1983, the 1985 enactment was in effect at the times relevant to this appeal. It has been held that the 1985 enactment is to be retroactively applied in those cases which involve pre-existing compensable on-the-job injuries, since to do so "would not render compensable an injury which would not otherwise be compensable but would, at most, *merely expand the scope of treatment* required to be provided for an injury the compensability of which is not in question." (Emphasis supplied.) *Thompson v. Wilbert Vault Co.*, 178 Ga. App. 489, 491 (343 SE2d 515) (1986). If former OCGA § 34-9-200 is inapplicable authority, the holding of *Money*, supra, is likewise inapplicable. The provisions of existing OCGA § 34-9-200 (a) are: "The employer shall furnish the employee entitled to benefits under this chapter compensation for costs of such medical, surgical, and hospital care and *other treatment*, items, *and services which are prescribed by a licensed physician*, . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." (Emphasis supplied.) This provision clearly is statutory authorization for an award such as that which was made to appellee in the case sub judice. Regardless of whether 24-hour in-home attendant care by licensed practical nurses is ultimately considered to be "other" medical "treatment" or "other" medical "services," there was evidence of record that licensed physicians have actually prescribed just such a high level of attendant care for appellee so long as he maintains his independent living arrangement.

Moreover, even assuming the inapplicability of existing OCGA § 34-9-200 in this case, *Insurance Co. of N. A. v. Money*, supra, would nevertheless be distinguishable on its facts. Here, the contemplated in-home attendant care is to be provided by *trained medical personnel*. The care to be provided does not consist merely of assisting one through his in-home convalescence. Appellee's attendants are to perform services of a medical nature which must of necessity be performed for one who suffers from quadriplegia and who is no longer receiving institutionalized hospital care. Under these circumstances, we hold that the recovery of the cost of at-home attendant care by licensed practical nurses would be authorized even under former OCGA § 34-9-200 (a), as constituting "other treatment" for a quadriplegic who is not receiving institutional care. Cf. *Anderson v.*

*Martin*, 107 Ga. App. 309 (130 SE2d 174) (1963). Compare *Bituminous Cas. Corp. v. Wilbanks*, 60 Ga. App. 620 (4 SE2d 916) (1939); *Insurance Co. of N. A. v. Money*, supra.

Notwithstanding the medical evidence adduced by appellants to the effect that continuous in-home attendant care by licensed practical nurses was not warranted, the award to appellee of the medical benefits based upon 24-hour at-home attendant care to be provided by licensed practical nurses was supported by sufficient evidence. There was also sufficient evidence to support the finding that "the most reliable and most appropriate [provider of that] attendant care would be . . . an agency which is set up to provide that care." "Because we do not read the prior version of OCGA § 34-9-200 (a) as imposing an arbitrary limit on the amount of treatment the board might deem necessary to afford full relief to an injured employee, and because, even if we did, the [1985] amendment would [be applicable insofar as it] affect[s] only the extent of the employee's remedy, we hold that the superior court [did not err] in [affirming] the board's award" of 24-hour in-home attendant care to appellee to be provided by licensed practical nurses. *Thompson v. Wilbert Vault Co.*, supra at 492.

2. Appellants urge that the award is erroneous insofar as it names a specific entity as the provider of appellee's in-home attendant care. Appellants rely upon *Georgia Power Co. v. Brown*, 169 Ga. App. 45, 50 (3) (311 SE2d 236) (1983) as authority for the proposition that the Board was not authorized to name the provider of appellee's in-home attendant care.

The issue in *Brown*, supra, was whether the Board was authorized to make an ex parte *change* as to claimant's health care provider. Prior to the hearing in this case, however, appellee was already receiving partial in-home attendant care from the Medical Personnel Pool, an agency that appellants had themselves selected to provide appellee with that care. "An employee may accept the services of a physician selected by the employer from the panel. . . ." OCGA § 34-9-201 (c). Thereafter, appellee requested that a change be made as to the in-home attendant care that he was then receiving, so that the level of that care would be expanded to provide him with licensed practical nurses on a 24-hour basis. Appellee was authorized to make such a request and the Board was authorized to consider it. "Upon the request of an employee, or an employer, the board may order a change of . . . treatment. . . ." OCGA § 34-9-201 (d). The Board granted appellee's request that he be provided more extensive in-home attendant care than he had been receiving. As we have stated above, the Board was authorized to find that the higher level of attendant care was, under the circumstances, "reasonably required and appear[ed] likely to . . . give relief. . . ." OCGA § 34-9-200 (a). Thus, in granting

appellee's request, the Board did not undertake to effect a change in the health care provider that had been furnishing in-home attendant care to appellee. The Board merely directed that the provider of appellee's more extensive treatment would continue to be the same provider that appellants had themselves initially selected to provide that treatment on a more limited basis.

Under the circumstances, there was no ex parte change by the Board in appellee's health care provider such as occurred in *Brown*, supra. There was only a change in the level of treatment that appellee's current health care provider was to provide to him. The Board was authorized to make this change in treatment pursuant to OCGA § 34-9-201 (d). There was no error. When the Medical Personnel Pool submits its bills for appellee's treatment, appellants will, at that time, be free to contest the reasonableness of those charges if it wishes. See OCGA § 34-9-203; *Bibb Mfg. Co. v. Darsey*, 122 Ga. App. 420 (177 SE2d 165) (1970).

3. Appellants themselves have never requested that a change be made in the provision of attendant care to appellee. To date, appellants' only concern has been to contest the extent to which they are obligated under the Workers' Compensation Act to provide appellee with 24-hour in-home attendant care by licensed practical nurses. As discussed in Division 1 of this opinion, the Workers' Compensation Act authorizes some forms of in-home attendant care and the evidence in this case authorized the finding that appellee is entitled to be provided with that care by licensed practical nurses on a continuous basis. However, we are aware of nothing which would preclude appellants from requesting, if circumstances warrant, a change in either the level of attendant care that is to be provided to appellee or the provider thereof. Pursuant to OCGA § 34-9-201 (d), it would appear that appellants can request a change from an in-home to an institutional attendant care provider for appellee or request a change in the level of attendant care that will be provided to appellee if he continues to remain in his parents' former home. We do not hold in this case that the attendant care to which appellee is entitled under the Workers' Compensation Act must always be provided in his home or must always be provided by licensed practical nurses. All we hold is that the cost of in-home attendant care by licensed practical nurses is compensable under former and existing OCGA § 34-9-200, and that the evidence in this case authorized the award to appellee of medical benefits covering that care.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 4, 1987 —
REHEARING DENIED MAY 15, 1987 —

John M. Williams, Benjamin H. Terry, for appellants.
Alan Nicholson, Gray D. L. Smith, Gregory A. Griffin, for appellee.