74835. INTERCHANGE VILLAGE et al. v. CLARK.
(363 SE2d 350)

CARLEY, Judge.

On June 25, 1984, appellee-employee suffered an injury to her back while she was engaged in her employment with appellant-employer. As the result of this injury, appellee eventually became bedridden. Appellee apparently did not require institutional or professional medical care but, according to her physician, she was in need of non-medical, at-home attendant care on a 24-hour basis. Appellee lived alone and, in order that she be provided with the care that her doctor had indicated was needed, appellee's daughter obtained a leave of absence from her own employment and moved into appellee's home. Since December 1, 1984, appellee has been provided with non-medical, at-home attendant care by her daughter. Appellant-insurer initially agreed to assume financial responsibility for the costs of the services that were being provided by appellee's daughter and to pay $200 a week for those services, calculated at a rate of $5 per hour for a 40-hour week. Pursuant to that agreement, a payment of $4,950 was made by appellant-insurer in April of 1985. When, however, no other payments were forthcoming, appellee filed this workers' compensation claim. Appellee sought to recover, as an element of the workers' compensation benefits to which she was entitled for her on-the-job injury, the cost of the services that had been and were being provided by her daughter.

In October of 1985, appellee's claim came on for a hearing before an administrative law judge (ALJ). The ALJ's award ordered appellants to pay $350 for each seven-day week of services provided to appellee by her daughter, beginning in December of 1984 and continuing until such time as appellee no longer required non-medical, at-home attendant care. Appellants appealed directly to the superior court. The superior court affirmed the ALJ's award in part and reversed it in part. The superior court reversed the ALJ's award insofar as it had ordered appellants to pay the cost of such services as had been provided to appellee by her daughter prior to July 1, 1985. The superior court affirmed the ALJ's award insofar as it had ordered appellants to pay the cost of such services as had and would be provided to appellee subsequent to July 1, 1985. Appellants applied to this

court for permission to file a discretionary appeal from the superior court's order. This appeal results from the grant of appellants' application.

1. It is clear that, prior to July 1, 1985, appellee could *not* have filed a valid workers' compensation claim for the cost of such nonmedical, at-home attendant services as her daughter provides to her. The controlling statute then in effect, former OCGA § 34-9-200, provided as follows: " 'The employer shall furnish the employee, entitled to benefits under [OCGA § 34-9-1 et seq.], such medical, surgical, hospital, vocational rehabilitation, and other treatment . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment.' The only portion of the above-quoted [former statutory] provision that might reasonably be interpreted to include the type services rendered by [appellee's] daughter is that which states 'medical, surgical, hospital and *other treatment.*' While it may have been necessary for [appellee] to have someone to assist her in her home during her period of recovery, it cannot be said that such services was 'treatment' of [appellee]." (Emphasis in original.) *Insurance Co. of N. A. v. Money*, 152 Ga. App. 72, 73 (262 SE2d 240) (1979). However, effective July 1, 1985, former OCGA § 34-9-200 was stricken in its entirety and existing OCGA § 34-9-200 was enacted in its stead. Subsection (a) of existing OCGA § 34-9-200 now provides as follows: "The employer shall furnish the employee entitled to benefits under [OCGA § 34-9-1 et seq.] compensation for costs of such medical, surgical, and hospital care and other treatment, items, and *services* which are prescribed by a licensed physician . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." (Emphasis supplied.) Accordingly, the issue presented for resolution in this appeal is what effect, if any, the enactment of existing OCGA § 34-9-200 in 1985 has upon appellee's entitlement to claim the cost of her daughter's services as a recoverable element of workers' compensation benefits.

Appellants first urge that existing OCGA § 34-9-200 (a) cannot be interpreted as authority for appellee's entitlement to recover the cost of her daughter's services. However, the interpretation of existing OCGA § 34-9-200 (a) that is advanced by appellants fails to give general consideration to former OCGA § 34-9-200 or specific consideration to the interpretation given to that former statute in *Money*, supra. " 'All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, . . . and their meaning and effect is to

be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.' [Cit.]" *Thornton v. Anderson*, 207 Ga. 714, 718 (64 SE2d 186) (1951). " 'To ascertain the intention of the legislature, after examining the words of the Act itself, it is necessary to take into view every fact and circumstance that influenced its passage. We must consider what the law was before; the mischiefs against which the law did not provide; the nature of the remedy proposed; the true reason of the remedy.' " *McGuire v. McGuire*, 228 Ga. 782, 785 (187 SE2d 859) (1972). It is clear that, in its interpretation of former OCGA § 34-9-200, the opinion in *Money* employed the word "services" to connote the concept of just such at-home, non-medical services as were provided to appellee by her daughter. Thus, the subsequent inclusion of "services" in existing OCGA § 34-9-200 (a) undoubtedly evinces the intent of the General Assembly to rectify what this court had identified as a possible deficiency in the former law. "[T]he statute just does not provide for the payment of the type *service* which the claimant's daughter provided. . . . [I]t seems clear from the record that the cost of the *services* of the daughter was a reasonable expense which was the direct result of the claimant's injury. . . . It is unfortunate that the daughter cannot be compensated for her efforts, however, that is a legislative and not a judicial matter." (Emphasis supplied.) *Insurance Co. of N. A. v. Money*, supra at 73-74. Accordingly, we hold that subsequent legislation has obviated the holding in *Money* and that "services" as employed in existing OCGA § 34-9-200 (a) includes the type of non-medical, at-home attendant care provided by appellee's daughter.

2. Appellants further urge that existing OCGA § 34-9-200 (a) cannot be applied retroactively to workers' compensation claims which are based upon an injury which pre-dates July 1, 1985, as appellant's injury does. However, "[i]t has been held that the 1985 enactment is to be retroactively applied in those cases which involve pre-existing compensable on-the-job injuries, since to do so 'would not render compensable an injury which would not otherwise be compensable but would, at most, *merely expand the scope of treatment* required to be provided for an injury the compensability of which is not in question.' [Cit.]" (Emphasis in original.) *Hopson v. Hickman*, 182 Ga. App. 865, 867 (1) (357 SE2d 280) (1987). There is no dispute that appellee's injury, although occurring prior to July 1, 1985, is otherwise compensable for purposes of her entitlement to receive workers' compensation benefits. Accordingly, the superior court correctly held that, pursuant to existing OCGA § 34-9-200 (a), appellee is entitled to recover, as an element of her workers' compensation benefits, the cost of such non-medical, in-home attendant care as was prescribed by her physician and was being provided to her on and after

July 1, 1985. Appellee has filed no cross-appeal from that portion of the superior court's order which reverses the ALJ's award and holds that existing OCGA § 34-9-200 (a) is not authority for appellee to recover the cost of those services of her daughter which were provided prior to July 1, 1985. Accordingly, that holding of the superior court is unaffected by this appeal.

3. Appellee does not seek to recover from appellants the cost of any services which were performed by her spouse, by any one who was a member of her household at the time of her injury, or by any one having a legal rather than moral obligation to provide for her care. Compare *Bituminous Cas. Corp. v. Wilbanks*, 60 Ga. App. 620 (4 SE2d 916) (1939). Appellee's non-medical, at-home attendant care is being supplied by her emancipated daughter who moved into appellee's home to attend to her needs. There is no question but that appellee intended that her daughter be compensated and that appellee's daughter likewise expected that she would be compensated. See generally *Babb v. Potts*, 183 Ga. App. 785, 786 (1) (360 SE2d 44) (1987). Compare *Bituminous Cas. Corp. v. Wilbanks*, supra. As we have held in Division 1 of this opinion, appellee, as an employee suffering from an on-the-job injury, is entitled to recover from appellants, as the employer and insurer, the cost of such non-medical, at-home attendant care as is prescribed by her physician. Appellants cannot escape legal responsibility for the cost of those services simply because it is appellee's emancipated daughter and not a stranger who is providing them.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 25, 1987.

*Michael K. Jablonski, Anthony P. Griffin*, for appellants.
*Robert K. Finnell*, for appellee.