## A89A2343. LITTLE v. COX ENTERPRISES, INC.
(393 SE2d 57)

COOPER, Judge.
Appellant appeals from the judgment of the superior court re-

versing the award of the State Board of Workers' Compensation.

Appellant, who injured his back on November 9, 1986 during the course of his employment as a deliveryman for the appellee newspaper, was hospitalized and given certain prescription medications. He received temporary total disability benefits until he returned to work on November 25, 1986. He reinjured his back on February 19, 1987 while lifting heavy bales of paper. On that same evening, he noticed a small amount of blood in his mouth which, when examined by his wife, did not appear to be coming from his teeth or gums. On March 28, 1987 appellant began to cough up blood and, on March 31, 1987 he was readmitted to South Fulton Hospital for a lumbar laminectomy. At that time appellant began hemorrhaging profusely and required massive blood transfusions. His back surgery had to be postponed until the bleeding was controlled. Subsequent to his recovery from the back surgery appellant was required to be hospitalized four times for treatment of upper gastrointestinal bleeding and esophageal varices "suggestive of" cirrhosis of the liver.

Appellee refused to pay benefits for any treatment related to the hemorrhaging, contending that it was caused by cirrhosis of the liver brought about by appellant's heavy drinking and was not work related. The matter was heard by the ALJ, who issued an award in appellant's favor finding that: "there was a causal relationship between the subsequent bleeding of the esophageal varices as a result of the claimant's being given anti-inflammatory and anti-steroidal drugs at South Fulton Hospital when undergoing treatment for his back injury, including surgery. The resulting gastritis and the inflammation was the basic underlying cause for the bleeding. In addition, the stress of heavy lifting immediately prior to the back injury and surgery could have predisposed the varices to bleed by increasing the internal pressure within those organs." The full board affirmed the award of the ALJ; but on appeal to the superior court, the award was reversed.

The ALJ and the full board are factfinders and have the exclusive prerogative of weighing evidence, and determining the credibility of witnesses. *Horizon Indus. v. Carter,* 188 Ga. App. 194, 196 (372 SE2d 301) (1988). Furthermore, " '[i]t is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. (Cits.)' " *Henry Gen. Hosp. v. Stephens,* 189 Ga. App. 619 (1) (376 SE2d 705) (1988).

Our review of the record discloses that the evidence was conflicting as to the cause of appellant's bleeding. One of his treating doctors stated that in his opinion the repetitive loading and unloading of the newspaper bales from the truck could have caused a progressive weakening of the venus walls of the esophageal varices which would increase their chances of rupturing; and that the medications given to

appellant could facilitate a bleeding tendency if taken within two weeks prior to the bleeding. Indeed, all of the doctors involved in treating appellant concurred with the fact that the medications he was taking could have aggravated any preexisting cirrhosis of the liver, and another doctor agreed that the bleeding also could have resulted from prolonged lifting in addition to the medicine. One of the attending physicians even ventured the opinion that the bleeding from the varices veins could have been induced by the procedure he used in examining appellant's throat. The only evidence to suggest that appellant had suffered alcohol related problems with his liver prior to his back injury was three arrests for DUI and the testimony of his boss that he and appellant had drunk too much together on occasion and discussed their drinking "problem." However, there was no evidence of any treatment of appellant for alcohol related behavior or disease by any physician or facility, nor was there any evidence that appellant had a past history of any unusual bleeding or hemorrhaging. In short, the evidence presented in regard to whether there was a proximate causal connection between appellant's work activities and the aggravation of his preexisting condition was in dispute and contradictory. There being some evidence to support the findings of the ALJ and the full board in this case, the court erred in reversing the award.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 28, 1990 — ▮▮▮▮▮▮▮▮

*Charles E. Muskett*, for appellant.
*Savell & Williams, Judy F. Aust*, for appellee.