## A90A2236. BERRY COLLEGE, INC. et al. v. STOREY.
(404 SE2d 640)

SOGNIER, Chief Judge.

Jean Storey, an employee of Berry College, damaged her knee in a work-related injury. In addition to the income and medical benefits awarded, Storey sought payment from Berry College and its insurer, Commercial Union Insurance Company, for the cost of domestic household services necessitated by her injury. The administrative law judge found that Storey's physician had prescribed domestic help and that such help would give relief to her injured knee, and thus ruled that Storey was entitled under OCGA § 34-9-200 (a) to be compensated for those services. The Board of Workers' Compensation adopted the ALJ's holding as its own and affirmed. The Superior Court of Floyd County found that the ALJ's award was not legally impermissible under OCGA § 34-9-200 (a) and affirmed. We granted the application for discretionary appeal filed by Berry College and its insurer.

OCGA § 34-9-200 (a) provides that the employer "shall furnish the employee entitled to benefits under this chapter compensation for costs of such medical, surgical, and hospital care and other treatment, items, and services which are prescribed by a licensed physician, . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment."[1] As discussed in *Interchange Village v. Clark*, 185 Ga. App. 97, 99 (1) (363 SE2d 350) (1987), this version of OCGA § 34-9-200 (a), as amended effective July 1, 1985, evinces the intent to rectify a possible deficiency in the former statute in response to cases like *Insurance Co. of N. A. v. Money*, 152 Ga. App. 72 (262 SE2d 240) (1979), in which this court had denied an injured employee's claim for compensation for attendant services, non-medical in nature, performed by the employee's daughter.

1. Appellants contend domestic household services are not compensable under OCGA § 34-9-200 (a). We do not agree with appellants' argument that these services are excluded because they are not "medical" services. Nothing in the statutory language requiring payment by the employer of "medical, surgical, and hospital care *and other treatment, items, and services*" (emphasis supplied) supports appellants' argument that an employer's liability under OCGA § 34-9-

---

[1] OCGA § 34-9-200 (a) was amended in 1990 for editorial changes and for the deletion of the phrase "compensation for costs of" at the beginning of the sentence, so that the statute now provides that "[t]he employer shall furnish the employee entitled to benefits under this chapter such medical, surgical, and hospital care," etc. Ga. L. 1990, pp. 1409, 1413. This amendment does not affect our holding in this case.

200 (a) is restricted to medical (or surgical or hospital) services. Furthermore, in interpreting the statute this court has expressly held that OCGA § 34-9-200 (a) encompasses *non-medical* services. See *Interchange Village*, supra at 99 (1). Reading OCGA § 34-9-200 (a) according to the natural and most obvious import of its language, without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation, see generally *Georgia Turkey Farms v. Hardigree*, 187 Ga. App. 200, 202-203 (369 SE2d 803) (1988), and interpreting that language liberally so as to effectuate the humane objectives of the Workers' Compensation Act, OCGA § 34-9-1 et seq., see, e.g., *U. S. Asbestos v. Hammock*, 140 Ga. App. 378, 379 (231 SE2d 792) (1976), we hold that nothing in OCGA § 34-9-200 (a) excludes payment of household maintenance services by an employer to an injured employee when such services "are prescribed by a licensed physician . . . [and] which in the judgment of the [Board] shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." Accordingly, the superior court correctly held that, pursuant to OCGA § 34-9-200 (a), appellee is entitled to recover, as an element of her workers' compensation benefits, the cost of such household maintenance services as were prescribed by her physician. See *Interchange Village*, supra. But see Division 2, infra.

2. Appellants challenge the evidentiary basis for the Board's award of domestic household services in the case sub judice. Guided by the well established principle that the ALJ and Board are the factfinders and have the exclusive prerogative of weighing evidence and determining the credibility of the witnesses, we will uphold the findings of fact if supported by any evidence. See *Little v. Cox Enterprises*, 195 Ga. App. 211, 212 (393 SE2d 57) (1990). However, "[i]n this, as in all work[ers'] compensation cases, the burden of proof was on the claimant. [Cit.]" *Department of Revenue v. Graham*, 102 Ga. App. 756, 758 (2) (117 SE2d 902) (1960). While evidence was adduced which established that appellee's physician prescribed non-specific domestic household services (leaving it to appellee to determine what services she required to avoid bending the injured knee) and that appellee's work-related injury could be relieved by help in the performance of some domestic household services, we find that the ALJ and the Board did not consider the burden placed upon appellee by OCGA § 34-9-200 (a) of proving that the services for which she sought compensation were such to "give relief" directly to appellee's work-related injury and were exclusively for her benefit.

The purpose behind OCGA § 34-9-200 (a) is to provide services prescribed by a licensed physician which "give relief" to the work-related injury of the employee exclusively. See Division 1, supra. Accordingly, we hold that the employer is liable under OCGA § 34-9-200

(a) to compensate the injured employee for the full amount of domestic household services only where the factfinder determines that all those services are for the exclusive benefit of the injured employee and directly give relief to the work-related injury. Otherwise, the employer is liable only for a proportional share of the household maintenance services performed in the household to relieve the work-related injury of the employee exclusively (and see OCGA § 19-7-2), regardless of the particular allocation of household maintenance services in the employee's household prior to the employee's work-related injury.

The record reveals that as a result of the injury to appellee's knee, she has difficulty squatting or bending the knee, and that it was to relieve the injury and expedite the healing process to the knee that the physician prescribed domestic household services specifically so that appellee could avoid bending the injured knee. However, appellee acknowledged that her work-related injury does not prevent her from performing her regular activities which do not involve bending or squatting or which require slight bending of the knee, such as using the stairs in her three story home. Her testimony at the hearing detailing the services performed by the domestic help included items which do not necessarily require bending the knee or squatting, such as ironing and vacuuming open areas of the home. Furthermore, since the record indicates appellee's household includes not only appellee but also her husband, it appears that inquiry was not made whether the services performed by the domestic help were necessarily only those services which would give relief exclusively to appellee or constituted services which appellee's husband's hernia condition renders him unable to perform for himself.

Since the evidence positively established that the award of domestic household services to appellee included services for which appellants were not obligated under OCGA § 34-9-200 (a) to pay, the superior court's affirmance of the Board's award is reversed with direction that the case be remanded to the Board for action in accordance with this decision.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 13, 1991 —
REHEARING DENIED MARCH 26, 1991 —

*Lowendick & Speed, J. Wallace Speed*, for appellants.
*Mundy & Gammage, George E. Mundy, E. Lamar Gammage, Jr.*, for appellee.