A96A0188. CHATHAM COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES et al. v. WILLIAMS.
(471 SE2d 316)

POPE, Presiding Judge.

As the result of a work-related injury which occurred in 1983, claimant Joann Williams requires 16-hour-a-day attendant care, which is provided by members of her family. The administrative law judge (ALJ) issued an award requiring the employer to pay for 16 hours of family-provided attendant care per day, and this award was adopted by the State Board of Workers' Compensation and affirmed by the superior court. On appeal, the employer argues that the Board's most recent fee schedule, which provides for only 12 hours of family-provided attendant care per day, precludes an award of 16 hours of care even though the claimant's injury preceded the effective date of the fee schedule. While we agree with the employer that new rules affecting the scope of care should be applied in ongoing workers' compensation cases, we nonetheless affirm because the fee schedule at issue here is not a rule, but merely a guideline establishing what is presumptively reasonable.

1. Administrative rules and regulations, like statutes, will generally not be applied retroactively unless they are purely procedural or clearly intended to be applied retroactively. See *Polito v. Holland,* 258 Ga. 54, 55 (2) (365 SE2d 273) (1988); *Hall v. Hartford Ins. Group,* 146 Ga. App. 751 (247 SE2d 570) (1978). An ongoing workers' com-

pensation case provides a unique context for retroactivity analysis, however, since once an employer's obligation to pay for a work-related injury is established, the case may continue for decades. During this time the Board will be promulgating and changing rules which define and redefine the scope of the employer's obligations and the worker's rights with respect to medical care; and it would not make sense to freeze those obligations and rights as they were at the time of the injury when the need for medical care continues. Accordingly, workers' compensation statutes and rules which do not render compensable an injury which would not otherwise be compensable, but which merely affect the scope of treatment required, will be applied to ongoing cases where the injury preceded the effective date of the law. *Interchange Village v. Clark*, 185 Ga. App. 97, 99 (2) (363 SE2d 350) (1987); *Hopson v. Hickman*, 182 Ga. App. 865, 866 (1) (357 SE2d 280) (1987); *Thompson v. Wilbert Vault Co.*, 178 Ga. App. 489 (343 SE2d 515) (1986).

We have discussed this situation in terms of retroactivity because the parties and earlier cases have done so. It is important to note, however, that when we say a rule affecting the scope of treatment will be retroactively applied, we are not saying that the rule will be applied to treatments provided before the effective date of the rule, but only that the rule will be applied to treatments after the effective date in ongoing cases beginning before the effective date. Thus, it is arguable that the use of the term "retroactivity" is misleading, and that it is preferable to simply say that in determining the applicability of a new rule affecting the scope of treatment, courts will look to the date of the treatment rather than the date of the original injury.

2. We nonetheless affirm the trial court's ruling that the current fee schedule does not preclude an award of 16 hours of family-provided attendant care. The fee schedule is promulgated pursuant to OCGA § 34-9-205. This Code section authorizes the Board to issue a fee schedule of charges which will be "presumed reasonable," but it also gives the Board the discretion to approve other charges as reasonable. Thus, the fee schedule is a guideline rather than a "rule" which must be followed, and the Board's approval of charges beyond those on the fee schedule can be challenged only on abuse-of-discretion grounds. In this case, the Board effectively approved 16 hours as reasonable by adopting the ALJ's award, and it did not abuse its discretion in doing so.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 10, 1996.

*Barrow, Sims, Morrow & Lee, Charles W. Barrow*, for appellants.
*James W. Brown*, for appellee.