A06A0862. KORNER v. EDUCATION MANAGEMENT
CORPORATION et al.
(635 SE2d 892)

ANDREWS, Presiding Judge.

We granted Sherry Korner's application for discretionary review in this workers' compensation case after the superior court found that Korner had undergone a change for the better, was able to return to work because of the change, and there was appropriate work available. In making these findings, the superior court reversed the holding of the Board of Workers' Compensation's Appellate Division. The appellate division had held that Korner's former employer had not carried its burden of showing that suitable work was available. Because there was evidence to support the appellate division's holding, we reverse.

This case arose when Korner, who was employed by Education Management Corporation (EMC) as a clinical therapist, was attacked on February 21, 2001, by a student that she was counseling. Her physical injuries resolved within a few weeks; however, she has received psychological and psychiatric treatment for several years for Post Traumatic Stress Disorder caused by the attack. It is undisputed that she can no longer work with individuals who have psychological problems.

---

The record shows that Korner has a B.A. and a Master's Degree in social work with a specialization in clinical social work. Korner received her Master's Degree in May 1978, and since that time has worked in residential treatment centers, the public school system, private practice, and almost four years for EMC before the attack. Korner has not worked since the attack but instead has enrolled in school in order to establish a new career.

In August 2003, EMC requested a hearing, contending that Korner was no longer entitled to income benefits, or in the alternative, her total disability benefits should be converted to partial disability benefits. A hearing was held and the administrative law judge (ALJ) determined that Korner had experienced a change in condition for the better, was capable of working, and there was suitable work available. OCGA § 34-9-104 (a).

Korner appealed the ALJ's decision to the appellate division. In reviewing the ALJ's decision, the appellate division found that EMC carried its burden of proving the first two requirements, in that it established that Korner experienced a physical change that would allow her to return to some other work. The appellate division determined, however, that EMC had not carried its burden of proving that suitable work was available and reversed the ALJ.[1]

EMC appealed this decision to the superior court. The superior court held that the appellate division erred in finding EMC had not sufficiently established the availability of suitable work to decrease or terminate any loss of income. The superior court gave no specific basis for the holding, merely stating that "factual findings of the State Board of Workers' Compensation must be affirmed when supported by any evidence in the record. *Collie Concession[s], Inc. v. Bruce*, 272 Ga. App. 578 [(612 SE2d 900)] (2005)." Korner now appeals from that decision.

> The Board's appellate division is authorized to review the evidence adduced before the ALJ, weigh that evidence, and assess witness credibility. If the appellate division determines that the preponderance of evidence supports the ALJ's decision, it will accept and affirm that award. But, if the appellate division concludes that the award does not

---

[1] We note that EMC also requested that, if it were determined that they did not prove there were other jobs available, they should then be allowed to reduce Korner's benefits to temporary partial disability income. The appellate division did not deny this request on the merits, but rejected it "at this time" because EMC had not complied with the notice provisions of OCGA § 34-9-104 (a) (2). On appeal to the superior court, EMC cited this as error, but did not dispute the finding that they had not provided notice.

meet the applicable evidentiary standards, it may substitute its own alternative findings for those of the ALJ, and enter an award accordingly. The appellate division may substitute its findings for those of the ALJ only when its alternative findings are supported by some evidence in the record. Once the case is appealed from the appellate division, both this Court and the superior court must view the evidence in a light favorable to the party prevailing before that division. If any evidence supports the appellate division's findings, those findings are binding and conclusive, and we may not substitute ourselves as a fact finding body in lieu of the Board.

(Punctuation and footnotes omitted.) *Dallas v. Flying J, Inc.*, 279 Ga. App. 786, 787 (632 SE2d 389) (2006).

Here, the appellate division found that the preponderance of competent evidence did not support the ALJ's finding that there was appropriate work available for Korner. We agree.

EMC called one witness, Susan Price, a rehabilitation counselor, to testify on the issue of suitable jobs that were available. Price prepared the market survey using ten pages from Korner's deposition and notes from a conversation with EMC's lawyer. She identified ten different jobs that she thought might be feasible: sales representative for a home furnishings store; foreign student advisor; library clerk; information clerk; administrative assistant; blood donor recruiter; supervisor for a volunteer service; director of a day care center; manager of a recreational facility; and director of student affairs.

Price acknowledged that she did not have Korner's rate of pay at the time of the injury when making her report. She also acknowledged that many of the jobs identified did not even require an undergraduate degree. Price also acknowledged on further questioning, that when she recommended a job as a foreign student counselor, she was unaware that Korner had been attacked by a foreign student. Price also admitted that she did not know whether Korner had any experience as an administrative assistant or with general office work. She also did not know whether Korner had any experience in sales, communications or marketing. Moreover, the record shows that most of the jobs submitted by Price have certain background and experience requirements which Korner does not have. Accordingly, the appellate division rejected Price's testimony because she did not talk to Korner or her treating physicians and thus did not have enough information on which to base her report.

EMC argued that the actions required by the appellate division — direct contact with Korner and her treating physician — would have, if taken, violated State Board rules and subjected Price to civil

penalties under OCGA § 34-9-18. EMC points out that the State Board strictly controls rehabilitation suppliers when working on pending workers' compensation cases. State Board Rule 200.1 (a) (1) (iii) provides that only a direct employee of the insurer, third-party administrator, or employer may communicate with an injured employee and/or the authorized treating physicians. In this case, Price was not a direct employee of EMC or its insurer.

This argument avails EMC nothing. It does not render otherwise insufficient evidence sufficient. EMC chose its witness. As Korner points out, EMC could have sent her to a "rehabilitation supplier," who could then have interviewed her and her treating physicians. EMC also could have sent her to an independent medical exam and that treating professional could have testified on the issue of suitable work.

Accordingly, because there was evidence to support the appellate division's determination, neither the superior court nor this Court is authorized to reweigh the evidence. *Williams v. West Central Ga. Bank*, 225 Ga. App. 237, 239 (483 SE2d 607) (1997). Thus, the holding of the appellate division must be affirmed and the superior court erred in not doing so.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 29, 2006 — 

*Andrew T. Rogers*, for appellant.
*Kissiah & Lay, Richard C. Kissiah*, for appellees.