**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2014**

# In the Court of Appeals of Georgia

A14A0388. WARD v. PRE-ENGINEER SYSTEMS et al.

MCFADDEN, Judge.

John Ward appeals from a superior court order reversing the decision of the State Board of Workers' Compensation granting his request for nurse case management services. The court concluded that Ward was not entitled to such services because they were not an authorized workers' compensation benefit at the time of his injury. We reverse.

In 1973, Ward was injured when he fell approximately 40 feet while working on a construction site. He suffered various injuries from the fall, including a traumatic brain injury that has resulted in ongoing cognitive impairment. The employer, Pre-

Engineer Systems,[1] and its insurer have paid for various workers' compensation benefits arising from the fall. Among other things, Ward received rehabilitation services from 1999 to 2009, when those services were suspended. In 2011, Ward filed a request to reinstate the rehabilitation services. The request was denied in an administrative order, and Ward appealed, seeking a hearing before an administrative law judge.

At the outset of the evidentiary hearing, the administrative law judge noted that Ward was seeking services in the form of nurse case management and that the employer argued that there was no legal authority to award those services at the time of the injury in 1973. Ward presented evidence of his complex medical needs and his declining cognitive abilities, which has resulted in his wife being appointed as his permanent guardian. The administrative law judge found that the evidence clearly and overwhelmingly demonstrated that Ward has had many difficulties with his medical treatment and "is entitled to the designation of a rehab supplier/nurse case manager to assist the employee with medical treatment in this claim." In reaching this conclusion, the administrative law judge, among other things, rejected the employer's

---

[1] We note that in the record two similar, but different, names for the employer appear. For purposes of this opinion, we use the same name used on the notice of appeal and listed on the board's decision.

2

argument that Ward is not entitled to such services because they were not listed as a benefit at the time of the injury in 1973, and "were not granted as a workers' compensation benefit until 1975."

The employer appealed the decision to the Appellate Division of the State Board of Workers' Compensation, which upheld the award and adopted the administrative law judge's findings and conclusions as its own. The employer then appealed to the superior court, which reversed the board's decision, concluding that Ward "is not entitled to receive nurse case management services, because this service was not available under the workers' compensation laws in Georgia on the date of the Claimant's work related accident in 1973." We granted Ward's application for discretionary review, and this appeal followed.

Ward asserts that the superior court erred in holding that he is not entitled to nurse case management services on the ground that such benefit was not available at the time of his 1973 accident. We agree.

Workers' compensation benefits may be "retroactively applied in those cases which involve pre-existing compensable on-the-job injuries, since to do so would not render compensable an injury which would not otherwise be compensable but would, at most, merely expand the scope of treatment required to be provide for an injury the

3

compensability of which is not in question." *Interchange Village v. Clark*, 185 Ga.

App. 97, 99 (2) (363 SE2d 350) (1987) (citations, punctuation and emphasis omitted).

> An ongoing workers' compensation case provides a unique context for retroactivity analysis, . . . since once an employer's obligation to pay for a work-related injury is established, the case may continue for decades. During this time the Board will be promulgating and changing rules which define and redefine the scope of the employer's obligations and the worker's rights with respect to medical care; and it would not make sense to freeze those obligations and rights as they were at the time of the injury when the need for medical care continues. Accordingly, workers' compensation statutes and rules which do not render compensable an injury which would not otherwise be compensable, but which merely affect the scope of treatment required, will be applied to ongoing cases where the injury preceded the effective date of the law.

*Chatham County Dept. of Family & Children Svcs. v. Williams*, 221 Ga. App. 366, 366-367 (1) (471 SE2d 316) (1996).

In this case, it is undisputed that Ward suffered a compensable work-related injury in 1973. Thus, even assuming that the employer was correct in claiming that the rehabilitation/nurse case management service awarded by the board was not an available benefit until after the date of the injury, such an award did not render compensable an otherwise non-compensable injury, and instead merely affected the scope of the benefit allowed in this ongoing workers' compensation case. See *Interchange*, supra at 99-100 (2) (employee entitled to in-home attendant care even

4

though such a benefit was not available at the time of the injury); *Hopson v. Hickman*, 182 Ga. App. 865, 867 (1) (357 SE2d 280) (1987) (affirming award of attendant nurse care per retroactive application of OCGA § 34-9-200 (a) benefits provision for medical and other treatment, items and services). Accordingly, the superior court erred in reversing the appellate division's decision on the ground that nurse case management services were not an available workers' compensation benefit on the date of the accident.

*Judgment reversed. Andrews, P. J., and Ray, J., concur.*