## 55950. HALL v. HARTFORD INSURANCE GROUP et al.

SMITH, Judge.
In this workmen's compensation case, the superior court correctly sustained the administrative law judge's determination that the statute of limitation barred appellant's claim; hence, we affirm.

The accident forming the basis for appellant's claim

occurred on May 19, 1975. Appellant filed a request for a hearing with the State Board of Workmen's Compensation on November 24, 1976. During the interim, on June 1, 1975, the board's Rule 303 became effective. That rule provides: "Failure of an employer or insurer to notify the Board and the employee of a rejection of a claim within 60 days after the receipt of notice of the accident creates a rebuttable presumption of acceptance of liability." Appellant argues that appellees' failure so to notify her created a presumption that they accepted liability, a presumption which they never rebutted and which prevented them from raising the one-year statute of limitation (Code § 114-305) as a bar to her claim. Assuming appellant's argument might otherwise have merit, we must here hold to the contrary because Rule 303 did not apply retroactively to a claim accruing before the rule's effective date. "The law is well settled that generally a statute cannot be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears. [Cit.] The principle is strictly applicable to statutes which have the effect of creating an obligation. An administrative regulation is subject to the rule equally with a statute; and accordingly, the regulation here involved must be taken to operate prospectively only." Miller v. United States, 294 U. S. 435, 439 (55 SC 440, 79 LE 977) (1934).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1978 — DECIDED<br>JULY 14, 1978.

*Greene & Greene, James E. Greene,* for appellant.
*Sartain & Carey, Joe B. Sartain, Jr., Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellees.