42444. GENERAL MOTORS CORPORATION
v. RASMUSSEN et al.
(340 SE2d 586)

SMITH, Justice.

General Motors appeals the Fulton County Superior Court's grant of appellee Christine Grazzini's motion to intervene in a wrongful death action filed by appellee Edna Rasmussen for the death of her husband and Grazzini's father, Victor Rasmussen. General Motors raises two issues on appeal. We reverse.

Victor Rasmussen died in a car wreck when his Pontiac automobile left the road and struck a tree. Mrs. Rasmussen settled the wrongful death action against General Motors for $4,500 after dismissing her original attorney. When Mr. Rasmussen's children informed Mrs. Rasmussen that they opposed the settlement, and when her original attorney attempted to intervene to protect his interest in the suit, Mrs. Rasmussen filed a motion for direction with the Fulton County Superior Court.

In an order on June 27, 1984, the court acknowledged the settlement and ordered the parties to take certain steps to effectuate the settlement. On September 6, 1984, the court filed an order which noted that the parties had carried out the actions mandated in the June 27 order, and the court, accordingly, dismissed "all claims against defendant General Motors . . . with prejudice." In its June 27 order, the Court reasoned that OCGA § 51-4-2 enabled Mrs. Rasmussen to settle with General Motors with no interference from the decedent's children.

On October 31, 1984, this court held, in *Tolbert v. Murrell*, 253 Ga. 566, 570 (322 SE2d 487) (1984), that OCGA § 51-4-2 unconstitu-

tionally infringed upon the rights of "children who have lost their father . . . when the deceased is survived by a wife." We denied a motion for rehearing on November 27, 1984. Subsequently, on December 5, 1984, Ms. Grazzini filed a motion to set aside the trial court's earlier orders or to intervene in the wrongful death action on the grounds that the court's orders were not final, or, alternatively, that *Tolbert*, supra, required that the children be given a chance to pursue the wrongful death action, Mrs. Rasmussen's actions notwithstanding. The trial court, in an order relying heavily upon *Tolbert*, supra, granted Ms. Grazzini's motion to intervene in the wrongful death action, stipulating that any recovery would be set off by the amount to which Mrs. Rasmussen would have been entitled in a joint recovery.

1. A person may, upon timely application, intervene in an action when that person can show: (a) an interest in the subject matter of the action; (b) that his interest could be harmed by a certain outcome in the action, and; (c) that his interest is inadequately represented by the parties already involved in the action. OCGA § 9-11-24; *Brown v. Truluck*, 239 Ga. 105 (236 SE2d 60) (1977). Ms. Grazzini, here, asserts an interest in the action for her father's death. Since the validity of her assertion underlies most of the issues in this case,[1] a determination of the existence of Ms. Grazzini's interest in the action for Mr. Rasmussen's death presents the threshold issue in this case.

2. OCGA § 51-4-2, the statute declared unconstitutional in *Tolbert*, supra, denied children a right of action for their father's death when the father's spouse survived him. The statute prevented children of a deceased father from blocking a settlement by the surviving spouse in such a case. OCGA § 51-4-3, the alternative method provided by *Tolbert* for pursuing a wrongful death action, vested a single action jointly in the children and the surviving spouse.

Accordingly, if *Tolbert* is applied non-retroactively,[2] OCGA § 51-4-2 controls Ms. Grazzini's claim, and she has no interest in the action for Mr. Rasmussen's death. If *Tolbert* is applied retroactively, however, OCGA § 51-4-3 controls, and Ms. Grazzini is entitled to a share of the action, any settlement between Mrs. Rasmussen and General Motors notwithstanding. See *Atkinson v. Atkinson*, 249 Ga. 247 (290 SE2d 423) (1982); *Atkinson v. Atkinson*, 254 Ga. 70 (326 SE2d 206) (1985). A determination of the proper application of *Tolbert*, thus, will show Ms. Grazzini's interest in the action for her father's death, and will thus determine her right to intervene in the case.

While court rulings that substantially alter law normally apply

[1] For example, if she has no interest, she cannot intervene in the action, even if, as she contends, the action is not final.

[2] The death occurred, the suit was filed, and the suit was settled before we issued *Tolbert*.

retroactively, see Traynor, *Quo Vadis, Prospective Overruling: An Issue of Judicial Responsibility*, 28 Hastings, L.J. 553 (1977), the United States Supreme Court long ago recognized that state courts could constitutionally apply rulings in civil cases non-retroactively or prospectively. *Great Northern R. Co. v. Sunburst Oil &c. Co.*, 287 U. S. 358 (53 SC 145, 77 LE 360) (1932). *Tolbert*'s application to the parties in that case, of course, eliminates "pure prospectivity" as an option for the court to choose in this case. Having determined, in *Tolbert*, that the change in law there engendered was sufficient to raise the possibility of a non-retroactive treatment, we now look to the purpose and history of the law involved, and to the inequities that could be created by each choice we might make in this case. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-107 (92 SC 349, 30 LE2d 296) (1971).

Our statement in *Tolbert*, supra at 571, that "the rights of children whose mothers have been wrongfully killed are protected by OCGA § 51-4-3 in ways in which the rights of children whose fathers have been wrongfully killed are not protected," shows that the constitutional infirmity in OCGA § 51-4-2 lay not in a failure to treat children on equal footing with their parents, but in the failure of the legislature to put all children on equal footing with other children. The practical problem with the statute, however, the problem that led to the lawsuit in *Tolbert* and the lawsuit in this case, arose from a conflict between the interests of a surviving widow and the children of the deceased husband. Children of the deceased husband were not able to protect themselves from the surviving spouse as well as children of a deceased wife could.

To conclude that the purpose of the ruling in *Tolbert* would be furthered by a retroactive application, thus, we would have to conclude that the situation from which *Tolbert* sprang, one in which children of a deceased husband possessed interests in conflict with the interests of the surviving widow, must have predominated such that many children had been deprived of their rights. If cases such as *Tolbert* were in the minority, the interest in furthering the purpose underlying the ruling would not be greatly fostered by retroactive application. We cannot conclude that most children involved in actions for the wrongful death of a father have interests antagonistic to the interest of the father's widow.

In viewing the equities of the decision, we must look not only to the equities in this case, but also to the effect of a ruling upon the many other cases that have been tried or settled under OCGA § 51-4-2. A retroactive application of *Tolbert* would reopen such cases so that the children could sue the tortfeasor for the share of the wrongful death award to which they would be entitled. This could, in turn, lead to the creation of a legal "merry-go-round" such as the one found

in *Atkinson v. Atkinson*, 254 Ga., supra at p. 75. As the purpose of the rule involved in *Tolbert* would not be greatly enhanced by retroactive application of the rule, and retroactive application of the rule could lead to widespread confusion over cases many perceived to have been fairly settled, we hold *Tolbert* to be non-retroactive. *Tolbert* will apply only to those wrongful death actions involving deaths that occurred after November 27, 1984, the date of our denial of the motion for rehearing in *Tolbert*. See *Radford v. State*, 238 Ga. 532 (233 SE2d 785) (1977). OCGA § 51-4-2, thus, applied to Ms. Grazzini's case. She therefore has no interest in the wrongful death action. The trial court should have accordingly denied her motion to intervene. OCGA § 9-11-24.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 4, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*King & Spalding, Byron Attridge, Lanny B. Bridgers, Ralph A. Pitts, Michael R. Smith, Dykema, Gossett, Spencer, Goodnow & Trigg, J. Thomas Lenga, Marilyn A. Peters*, for appellant.

*Todd K. Maziar, Marvin P. Nodvin, Bedford, Kirschner & Venker, T. Jackson Bedford, Jr., Andrew R. Kirschner*, for appellees.