71469. DUFFEE v. RADER et al.
71470. WILLIAMS CONTRACTING, INC. v. DUFFEE.
(344 SE2d 258)

BEASLEY, Judge.

These two appeals arise from our grant of two applications for interlocutory review based on the denial of summary judgment in a wrongful death action (71470) and the trial court's requiring that children of deceased be made parties to the suit (71469).

Rader, a commercial construction superintendent for Williams Contracting, Inc., was furnished a truck for his employer's use and for his own use. He kept the truck in his possession 24 hours per day, seven days per week, and did not report to Williams' office each day but went to the particular job site where he was working, driving the truck to the site and back home. He considered himself on call 24 hours a day.

On October 19, 1982, Duffee was working at the top of a telephone pole installing television cable which stretched across the road. While returning home after leaving his job site, Rader drove his truck into the cable jerking Duffee to the ground. Duffee died as a result of

injuries he received from the fall.

Duffee was survived by his widow, who brought the action for his wrongful death, their daughter, and two sons of his prior marriage, one of whom died November 29, 1984.

In the wrongful death action brought against Rader and Williams the complaint alleged: "At all times herein, the defendant, Earl Lincoln Rader, was an agent and employee of the defendant, Williams Contracting, Inc. and was engaged in the prosecution of Williams Contracting, Inc.'s business and was acting within the scope of his authority for said corporate defendant."

The original answer of defendants admitted this allegation. By amendment over eight months later, this admission was stricken and the assertion made that Rader was not acting within the prosecution of Williams' business.

Williams moved for summary judgment on the issue of respondeat superior and both defendants moved to dismiss for failure to join indispensable parties, the three minor children of the deceased Duffee. The court denied Williams' motion for summary judgment and, having concluded that Duffee's children were necessary parties, ordered the plaintiff to bring them into the action or obtain their disclaimer.

*Appeal 71470*

1. In denying summary judgment, the trial court reasoned a jury could find Rader's access to the truck was an integral part of his job and coupled with his being on call 24 hours a day benefited Williams as an employer; that his use of the truck was for the benefit and convenience of Williams and at the time of the incident was within the scope of Rader's employment. This was buttressed by the court's conclusion that defendant's admissions which, though withdrawn, had evidentiary value and could be asserted by plaintiff on the trial.

The trial court's decision regarding the scope of employment is sustained by precedent. In *Lockhart v. Liberty Mut. Ins. Co.*, 141 Ga. App. 476, 482 (4) (233 SE2d 810) (1977) this court observed: "In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation. *Indemnity Ins. Co. v. Bolen*, 106 Ga. App. 684, 687 (127 SE2d 832)." See *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 and 783 (257 SE2d 186) (1979).

However, the determinative factor here is the admission in defendant's pleadings. In *Joyner v. William J. Butler, Inc.*, 143 Ga. App. 219, 220 (3) (237 SE2d 685) (1977), this court held that the trial court properly permitted the defendant to withdraw, by amendment, an admission made in its answer. The court found that "[a]lthough formally withdrawn from the pleadings and therefore not a solemn admission in judicio, the admission may be given such credence and effect as the jury may determine upon the trial of this case." Accord *Spurlock v. Commercial Banking Co.*, 151 Ga. App. 649, 652 (3) (260 SE2d 912) (1979); *Wood v. Claxton*, 199 Ga. 809 (1) (35 SE2d 455) (1945); *Stallings v. Britt*, 204 Ga. 250, 254 (2) (49 SE2d 517) (1948). Since the effect of the withdrawn admission by defendant was for the jury, it was not error to deny summary judgment.

*Appeal 71469*

2. The Supreme Court in *Tolbert v. Murrell*, 253 Ga. 566, 571 (322 SE2d 487) (rehearing denied Nov. 27, 1984), held that OCGA § 51-4-2 was unconstitutional and "[h]enceforth, children of deceased fathers who leave widows shall be afforded rights afforded children under OCGA § 51-4-3 [regarding the children and spouse of a deceased mother]."

Whether and to what extent that ruling was to be given retrospective application was not fully explained by the footnote which read: "The word 'henceforth' is used advisedly. The decision is, of course, to be applied prospectively. The extent, if any, that it must be applied retroactively will have to be determined in another case." Although Duffee died in 1982, the trial court ruled that his children were entitled to participate in the action to recover damages for his death.

The Supreme Court has now clarified its position by the decision in *General Motors Corp. v. Rasmussen*, 255 Ga. 544 (340 SE2d 586) (1986), which holds that *Tolbert* applies to actions involving deaths that occurred after November 27, 1984. That decision involved a case which had already been settled but announces a blanket rule of non-retroactivity.

We are of course bound by *Rasmussen*. However, since it apparently gave no consideration to a situation such as is present in this case, we consider it necessary to point out the following propositions of law which appear contrary to the application of *Rasmussen* here.

Traditionally, a judicial ruling declaring a statute unconstitutional was retroactive in that the offending act was considered void and as though it never had any effect. This view was expressed in *Strickland v. Newton County*, 244 Ga. 54, 55 (1) (258 SE2d 132) (1979), which also recognized an important exception: "The general

rule is that an unconstitutional statute is wholly void and of no force and effect from the date it was enacted. This harsh rule is subject to exceptions, however, where, because of the nature of the statute and its previous application, unjust results would accrue to those who justifiably relied on it. *Allan v. Allan,* 236 Ga. 199 (223 SE2d 445) (1976); *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U. S. 371 (1940). Under these considerations, when a court decides that one of its rulings shall operate prospectively, it is subject to no set principles, but may choose any relevant date in the interest of justice." Accord *Mutual Life Ins. Co. of N. Y. v. Barron,* 70 Ga. App. 454, 462 (28 SE2d 334) (1943).

An annotation in 10 ALR3d 1371 delineates the points at which there may be a retroactive application of a ruling as: 1) to the parties in the case in which the new rule is announced, 2) to other cases then pending, 3) to cases initiated in the future but which arose from an occurrence prior to the ruling in question, 4) even to cases already terminated which may be subject to collateral attack.

If this case had already terminated by judgment or by settlement as in *Rasmussen,* appellant could rightly argue she had acquired vested rights. However, this is a category two situation, not a category four set of circumstances as in *Rasmussen.* The distinctions between them are significant insofar as the purposes of retroactive application of a rule of law are concerned. We focus here only on a pending action involved in the pretrial process.

Citing *Chevron Oil v. Huson,* 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971), our Supreme Court in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, 712 (300 SE2d 673) (1983), set forth the factors to be utilized by the court in deciding questions of retroactivity:

"(1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

"(2) Balance of [sic] the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation.

"(3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity."

Duffee's widow urges that she was entitled to rely on the statute which had been in effect for over 135 years. But what reliance did she place on it and what rights will she lose? Obviously only the right to prevent the deceased's children from exercising their right to participation in the lawsuit. The Supreme Court in *Tolbert,* supra, found

the children's rights to be fundamental and peremptory. Appellant has shown no harm or action taken based on the statute which has resulted in a detriment to her; she has shown no hardship, injustice, or inequity to her that would result from retroactivity. Her suit was only pending when *Tolbert* was decided. She had not changed her personal position in any measurable way or shown any damaging reliance on past precedent.

On the other hand, giving retroactive application would further the beneficent policy of permitting the children to take part in the action with the widow, a policy advanced in *Tolbert.* The minor children would share in any judgment awarding compensation for their father's death. Moreover, they would be given the same right as was given the children of Tolbert, whose death had occurred in 1980; Duffee's death occurred in 1982. If a cause of action was recognized in law for the 1980 incident, it would seem just and uniform that it should be recognized for a later incident.

Were this a case of first impression, we would permit the retroactive application of *Tolbert.* However, the Supreme Court decision compels reversal of the trial court's ruling.

*Judgment reversed in Case No. 71469; judgment affirmed in Case No. 71470. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Gary C. Harris, Murray Z. Kahn,* for appellant (case no. 71469).
*Robert M. Darroch,* for appellees.
*Arthur H. Glaser, G. Randall Moody,* for appellant (case no. 71470).
*Murray Z. Kahn, Gary C. Harris,* for appellee.