72123. THOMPSON v. WILBERT VAULT COMPANY et al.
(343 SE2d 515)

BANKE, Chief Judge.

This is an appeal by the claimant in a workers' compensation case.

The appellant's right leg was amputated below the knee as the

result of a compensable injury which occurred on June 15, 1977. Since then, the employer and insurer have furnished him with an original and one replacement prosthesis, or artificial leg. Both these evidently wore out; and, acting pursuant to the direction of his physician, the appellant purchased a third prosthesis on July 26, 1984, for $1,800. This claim arises from the refusal of the employer and insurer to compensate him for this expense.

The administrative law judge denied the appellant's claim based on the then existing version of OCGA § 34-9-200, which provided in pertinent part, as follows: "(a) The employer shall furnish the employee entitled to benefits under this chapter compensation for costs of such medical, surgical, and hospital care, and vocational rehabilitation and other treatment, including medical and surgical supplies, *original artificial members, prosthetic devices, and aids, and replacement of artificial members, prosthetic devices, and aids damaged or destroyed in a compensable accident,* which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment. . . ." (Emphasis supplied.) The full board reversed the ALJ and granted the claim, ruling that "[t]he requirement that employer/insurer shall provide 'original' prosthetic devices does not eliminate the coequal duty to provide such care and treatment as may be necessary to '. . . effect a cure, give relief, or restore the employee to a suitable employment. . . .'"

Shortly before the full board issued its award, OCGA § 34-9-200 (a), supra, was amended to read as follows: "The employer shall furnish the employee entitled to benefits under this chapter compensation for costs of such medical, surgical, and hospital care and other treatment, items, and services which are prescribed by a licensed physician, including . . . artificial members, prosthetic devices, and aids damaged or destroyed in a compensable accident, which in the judgment of the State Board of Worker's Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." Ga. L. 1985, pp. 727, 730, § 3. Although in a literal sense the statute is now virtually nonsensical insofar as it relates to the provision of prosthetic devices, the parties appear to be in agreement that the intended effect of the amendment was simply to delete the term "original" from the code section, so as to make the employer responsible for any and all artificial members, prosthetic devices and aids deemed necessary by the board to effect a cure, give relief, or restore the employee to suitable employment.

The superior court concurred in this analysis of the amendment but, citing *Hall v. Hartford Ins. Group,* 146 Ga. App. 751, 752 (247 SE2d 570) (1978), declined to give the amendment retroactive effect. Concluding that the previous version of the code section did not re-

quire the provision of a replacement prosthesis unless the original were itself damaged or destroyed in a compensable accident, the court thus reversed the board and denied the appellant's claim. We granted the appellant's subsequent application to this court for a discretionary appeal. *Held*:

In *Hall v. Hartford Ins. Group*, supra, this court held that where retroactive application of a rule promulgated subsequent to the accrual of a workers' compensation claim would have the effect of making an employer liable for an injury which would not otherwise be compensable, the rule could not be given retroactive effect. In reaching this result, the court cited the following legal principle: " 'The law is well settled that generally a statute cannot be construed to operate retrospectively unless the legislative intention to that effect unequivocally appears. [Cit.] The principle is strictly applicable to statutes which have the effect of creating an obligation. An administrative regulation is subject to the rule equally with a statute; and accordingly, the regulation here involved must be taken to operate prospectively only.' *Miller v. United States*, 294 U. S. 435, 439 (55 SC 440, 79 LE 977) (1934)." Id. at 752.

The present case is distinguishable from *Hall v. Hartford Ins. Group* in that application of the statutory amendment under consideration here would not render compensable an injury which would not otherwise be compensable but would, at most, merely expand the scope of treatment required to be provided for an injury the compensability of which is not in question. This is an area in which the board was already entrusted with a wide degree of discretion prior to the enactment of the 1985 amendment. For example, the former version of OCGA § 34-9-200 (a) imposed a $5,000 limitation on the total amount of medical, surgical, hospitalization, vocational rehabilitation, and other treatment available to an injured employee but tempered that limitation with the following language: "unless in the judgment of the board additional expenditures are reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment."

Generally speaking, "a reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944). See also *Osteen v. Osteen*, 244 Ga. 445 (260 SE2d 321) (1979); *Houston v. Houston*, 156 Ga. App. 47, 48 (274 SE2d 91) (1980); *Hensel Phelps Constr. Co. v. Johnson*, 161 Ga. App. 631 (295 SE2d 843) (1982), rev'd on other

grounds, *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83 (295 SE2d 841) (1982). Because we do not read the prior version of OCGA § 34-9-200 (a) as imposing an arbitrary limit on the amount of treatment the board might deem necessary to afford full relief to an injured employee, and because, even if we did, the amendment would affect only the extent of the employee's remedy, we hold that the superior court erred in reversing the board's award in this case.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 21, 1986 —
REHEARING DENIED APRIL 1, 1986 — 

*Rudolph J. Chambless*, for appellant.
*Richard A. Brown, Jr.*, for appellees.