## A93A1303. ICI AMERICAS, INC. v. BANKS et al.
(460 SE2d 797)

ANDREWS, Judge.

In *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994), the decision of this Court in *ICI Americas v. Banks*, 211 Ga. App. 523 (440 SE2d 38) (1993), was affirmed in part, reversed in part, and remanded to this Court with directions. Accordingly, the portion of our decision which was reversed by the decision of the Supreme Court is hereby vacated, and the judgment of the Supreme Court is made the judgment of this Court.

In remanding the case, the Supreme Court directed "that a new trial be granted unless a new trial is precluded by the Court of Appeals' resolution of the remaining enumerations of error." *Banks v. ICI Americas*, supra at 737. In concluding that the plaintiffs are entitled to a new trial unless precluded by the remaining enumerations of error, the Supreme Court held that "a review of the record reveals that the evidence, the parties' objections thereto, and the arguments made during trial, as well as certain rulings of the trial court and the instructions given to the jury regarding its consideration of the evidence, were governed in reliance upon holdings of this Court using a legal analysis we now determine to be inapplicable to design defect claims. Hence, plaintiffs are entitled to a new trial on their claim that ICI's rodenticide was defectively designed, consistent with the appropriate test for design defect claims set forth in this opinion." Id. at 737.

Thus, after changing the existing rule and announcing a new rule for design defect claims, the Supreme Court held that the new rule be retroactively applied to the design defect claim against ICI in a new trial.[1] Our task on remand is to determine whether a new trial apply-

---

[1] The Court decided this important retroactivity issue without any analysis under the test adopted in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983) (adopting the three-prong retroactivity test set forth in *Chevron Oil v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971)). The retroactivity test adopted in *Flewellen* is applicable because this case involves a change in state law rather than application of a controlling rule of federal law. See *Great Northern R. Co. v. Sunburst Oil & Refining Co.*, 287 U. S. 358, 364-366 (53 SC 145, 77 LE 360) (1932) (states may choose to limit the retroactive effect of their decisions

ing the new rule would be precluded by any of ICI's remaining enumerations of error not previously addressed by this Court or the Supreme Court. Although it is difficult to understand how any claim of error in the first trial under the old rule could possibly preclude a new trial based on the new rule, we nevertheless address the following enumerations of error made by ICI based on the evidence admitted at the first trial.

1. ICI claimed that it was entitled to summary judgment or a directed verdict because the plaintiffs failed, as a matter of law, to prove that the design defects complained of were the proximate cause of the child's death. We cannot conclude that the plaintiffs would be unable to present evidence at a new trial under the new rule sufficient to create a jury question as to proximate cause. Accordingly, this enumeration does not preclude a new trial.

2. ICI contended that the plaintiffs failed, as a matter of law, to present evidence sufficient to support an award for punitive damages. This enumeration does not preclude a new trial on the design defect claim.

Nevertheless, we conclude that, under the law as it existed prior to the new rule adopted in *Banks v. ICI Americas,* supra, there was no evidence supporting an award of punitive damages against ICI for design defects. Although the Supreme Court has determined that the design defect claim must be retried under the new rule, we do not believe the Supreme Court intended retroactivity to also extend to the possible imposition of punitive damages against ICI if a jury finds it failed to comply with the new standard of conduct which did not exist when the case arose. "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). Since ICI was not subject to imposition of punitive damages for its actions taken under the old design defect rule, we conclude that punitive damages may not be awarded

interpreting state law); compare *Harper v. Virginia Dept. of Taxation,* 509 U. S. ____ (113 SC 2510, 125 LE2d 74) (1993); *Reich v. Collins,* 262 Ga. 625, 626 (422 SE2d 846) (1992) (dealing with retroactive application of controlling federal law). Although retroactive application of judicial decisions in civil cases is the usual rule (*General Motors Corp. v. Rasmussen,* 255 Ga. 544, 545-546 (340 SE2d 586) (1986)), a law-changing decision will generally be applied prospectively under the test adopted in *Flewellen,* where the decision changes established law, and prospective application would avoid imposing "injustice or hardship" on those who justifiably relied on the prior rule, without unduly impairing the "purpose and effect" of the new rule. *Rasmussen,* supra; see *Harper,* supra at 125 LE2d 84-85. ICI, which relied on the old rule governing the events which gave rise to this action, may justifiably wonder how the Supreme Court reached its decision to retroactively apply the new rule to the parties in this case.

against ICI under the provisions of OCGA § 51-12-5.1 (b) in a new trial for any failure to comply with the new design defect standard adopted by the Supreme Court. See *Tifton Bank & Trust Co. v. Knight's Furniture Co.*, 215 Ga. App. 471, 475 (452 SE2d 219) (1994); *Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739, 743 (309 SE2d 799) (1983).

3. None of the remaining enumerations of error precludes a new trial. We address them only to the extent they raise legal issues which may recur in a new trial.

(a) We agree with ICI's claim that the trial court erred to the extent it instructed the jury with respect to any Environmental Protection Agency (EPA) reporting regulations which were not in effect during the period of time the plaintiffs claim ICI failed to comply with EPA reporting requirements.

(b) Any enumeration of error concerning the trial court's ruling on the adequacy of warnings given by ICI with respect to its product are controlled by the holding of this Court, affirmed by the Supreme Court, that the Federal Insecticide, Fungicide and Rodenticide Act preempts the plaintiffs' claims that warnings were inadequate or inaccurate. *Banks v. ICI Americas*, supra at 737.

(c) Since punitive damages against ICI are inapplicable in a new trial, plaintiffs' exhibit 150, admitted in the first trial for the purpose of showing financial condition on the issue of punitive damages, is no longer admissible for this purpose.

(d) Since the issue is not likely to recur on re-trial, we decline to address the claim that a proper foundation was not laid to authenticate plaintiffs' exhibit 40.

Since none of ICI's enumerations of error precludes a new trial, we remand the case to the trial court for a new trial consistent with the decisions of the Supreme Court and this Court.

*Judgment affirmed in part, reversed in part, and remanded with directions. Birdsong, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., concurs in the judgment only. Beasley, C. J., and Pope, P. J., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent with respect to Division 2.

The arguments advanced in the motion for reconsideration are for the most part meritorious. The Supreme Court remanded this case to us with direction that a new trial be granted unless a new trial is precluded by our resolution of the remaining enumerations. The majority finds merit in ICI's contention (in its sixth enumeration) that plaintiffs failed, as a matter of law, to present evidence sufficient to support an award of punitive damages. The majority holds that under the law as it existed prior to the new rule adopted by the Su-

240

preme Court in this case, there was no evidence supporting an award of punitive damages. In the cases cited in support, the defendants successfully argued that punitive damages were not awardable because their actions were taken in reliance upon existing Georgia law. That is not ICI's argument; it is rather that plaintiffs presented no evidence of a safer design. The Supreme Court rejected that argument.

In the motion for reconsideration, appellees also argue that the Supreme Court decision in this case does not create a new rule. I cannot agree. The Supreme Court disapproved the application of *Center Chem. Co. v. Parzini*, 234 Ga. 868 (218 SE2d 580) (1975), in *Mann v. Coast Catamaran Corp.*, 254 Ga. 201 (326 SE2d 436) (1985), to a design defect claim.

I am authorized to state that Presiding Judge Pope joins in this dissent.

DECIDED JUNE 26, 1995 —
RECONSIDERATION DENIED JULY 31, 1995 — ▮▮▮▮▮▮▮▮

*Rogers & Hardin, Brett A. Rogers, Phillip S. McKinney, Schweber, Izenson & Anderson, Barry L. Anderson, Hagler, Hyles & Adams, M. Stephen Hyles, Susan D. Burnell*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Denney, Pease, Allison, Kirk & Lomax, Ray L. Allison, Doffermyre, Shields, Canfield & Knowles, Robert E. Shields, Richard A. Childs*, for appellees.