S95G1887. BANKS et al. v. ICI AMERICAS, INC.
(469 SE2d 171)

HUNSTEIN, Justice.

This is the second appearance of this case in this Court. In *Banks v. ICI Americas*, 264 Ga. 732 (450 SE2d 671) (1994) (hereinafter "*Banks I*"), we adopted a risk-utility analysis as the appropriate test for reaching the legal conclusion that a product's design specifications were partly or totally defective. Id. at (1). We further concluded that plaintiffs[1] were entitled to a new trial on their defective design claim against defendant ICI Americas[2] and remanded the case to the Court of Appeals with direction that a new trial be granted unless such was precluded by that court's resolution of the remaining enumerations of error. Id. at (2). Upon remand, while the Court of Appeals found no basis in any asserted error that would prevent the granting of a new trial, that court nevertheless held that plaintiffs are barred upon retrial from seeking punitive damages. *ICI Americas v. Banks*, 218 Ga. App. 237 (460 SE2d 797) (1995). Because the Court of Appeals failed to follow this Court's direction in *Banks I* and misapplied well-established law on the retroactivity of appellate opinions, we reverse.

1. This Court in *Banks I* directed the Court of Appeals to grant plaintiffs a new trial upon that court's determination that the remaining enumerations of error did not preclude a new trial. Id. at (2). The language in *Banks I* did not admit of any limitation on the grant of new trial. Accordingly, the Court of Appeals erred when it barred plaintiffs in the new trial from recovering fully all damages a jury may award them. Art. VI, Sec. VI, Par. VI of the Georgia Constitution of 1983.

2. Plaintiffs contend the Court of Appeals erred by holding that

---

[1] Plaintiffs are Wanda Banks and Charles Strum, individually and as the parents of the decedent, Marlo Strum, and Banks in her capacity of administrator of Strum's estate.

[2] ICI Americas states it is now known as Zeneca, Inc.

upon retrial a jury would not be allowed to consider whether ICI is liable for punitive damages. Plaintiffs contend there is evidence from which a jury could find that ICI designed a rodenticide knowing that it had a candy-like shape and color that would appeal to children and knowing that the rodenticide contained no ingredients which would have reduced or eliminated the risk created when children tasted or consumed it. Although the Court of Appeals has previously recognized that there was evidence adduced at the first trial showing it was foreseeable to ICI that its rodenticide would be misused by children, that the danger could have been reduced, and that ICI withheld vital information from the EPA, *ICI Americas v. Banks*, 211 Ga. App. 523-524 (440 SE2d 38) (1993), that court nevertheless held upon remand that there was no evidence supporting an award of punitive damages against ICI under the law as it existed before *Banks I* and that it did not believe this Court intended to apply *Banks I* retroactively as to the issue of punitive damages. *ICI Americas v. Banks*, supra, 218 Ga. App. at 238 (2).

"[C]ourt rulings that substantially alter the law normally apply retroactively." *General Motors Corp. v. Rasmussen*, 255 Ga. 544, 545-546 (2) (340 SE2d 586) (1986). Our direction to the Court of Appeals in *Banks I* regarding plaintiffs' entitlement to a new trial clearly reflected our determination that we had considered the purpose and history of product liability law and the inequities that could be created by our holding before ruling that *Banks I* would apply to the parties in that case. *General Motors v. Rasmussen*, supra. There is no question that plaintiffs may seek and possibly recover compensatory damages upon retrial conducted consistent with the *Banks I* risk-utility analysis. As to plaintiffs' right to seek and possibly recover punitive damages upon that retrial, neither the Court of Appeals nor ICI presents a compelling reason why plaintiffs' recovery, if any, should be limited to compensatory damages.

In *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), this Court, in adopting the three-prong test set forth in *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971), held that a court in deciding a retroactivity question should:

(1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.

(2) Balance . . . the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation.

(3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity.

*Flewellen*, supra at 712. For benefit of bench and bar we will explicitly apply that test to this case.

We assume, arguendo, that *Banks I* established a new principle of law, as opposed to representing a new method of analyzing long-standing Georgia law holding manufacturers liable for their defective products. Balancing the merits and demerits, we find that the purpose and effect of our holding in *Banks I* will be best served by an even application of its holding in the field of product liability law and that retroactive application would further its operation. We find no merit in ICI's arguments that it relied on pre-*Banks I* law when it created and manufactured the rodenticide and thus reject ICI's argument that it would be inequitable to hold it liable for a defectively designed product under the standard of conduct set forth in *Banks I*.[3]

Accordingly, under the test in *Flewellen*, supra, the Court of Appeals erred by failing to apply *Banks I* retroactively.

3. Although this Court in *Banks I* decided that plaintiffs are entitled to a new trial, ICI argues that plaintiffs are not entitled upon retrial to an award of punitive damages (as opposed to compensatory damages) because the imposition of such damages pursuant to the changed set of legal requirements set forth in *Banks I* would be constitutionally improper under *Landgraf v. USI Film Products*, 511 U. S. ____ (114 SC 1483, 128 LE2d 229) (1994) (holding that § 102 of the Civil Rights Act of 1991, which allows successful Title VII claimants to recover compensatory and punitive damages, is not retroactively applicable to cases pending on appeal when the statute was enacted). However, *Landgraf* involved the principle against the retroactive application of *statutes*; when the newly promulgated "law" is a judicial decision, then retroactive application is favored. E.g., *Luddington v. Indiana Bell Tel. Co.*, 966 F2d 225, 228 (7th Cir. 1992); compare *Thompson v. Wilbert Vault Co.*, 178 Ga. App. 489,

---

[3] ICI argues that it could not have anticipated the "significantly different" standard in *Banks I*, which it asserts is contrary to the majority of states in that it firmly rejects the position that the "alternative safer design" factor is a sine qua non of a design defect claim. First, we note that under the evidence adduced at the first trial, ICI's failure to explain the necessity for its product's candy-like coloring leaves open the possibility that an alternative safer design did exist for the rodenticide. Secondly, it has been seriously questioned whether, indeed, a majority of states make alternative safer design a requirement. See, e.g., Shapo, In Search of the Law of Products Liability: The ALI Restatement Project, 48 Vanderbilt L. Rev. 631 (VII) (G) (1995); Vandall, The Restatement (Third) of Torts: Products Liability Section 2 (b): The Reasonable Alternative Design Requirement, 61 Tenn. L. Rev. 1407 (1994).

491 (343 SE2d 515) (1986) (principle against retroactive application of statutes) with *Otis Elevator Co. v. Tanner*, 208 Ga. App. 417 (430 SE2d 663) (1993) (appellate decisions are generally retroactive). Accordingly, we find *Landgraf* distinguishable from the instant case.

Furthermore, we do not agree with ICI that notwithstanding its liability for compensatory damages, it is insulated from liability for punitive damages in Georgia simply because its prior actions were undertaken before this Court adopted the risk-utility analysis in *Banks I*. It is well established that punitive damages in Georgia are awardable "solely to punish, penalize, or deter a defendant." OCGA § 51-12-5.1 (c).

> "Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton. There is general agreement that, because it lacks this element, mere negligence is not enough, even though it is so extreme in degree as to be characterized as 'gross' . . . . Still less, of course, can such damages be charged against one who acts under an innocent mistake in engaging in conduct that nevertheless constitutes a tort. . . . [Cit.]"

*Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 121-122 (4) (365 SE2d 827) (1988). An award of punitive damages cannot be supported by the mere negligent failure to adhere to a legal standard; rather, there must be clear and convincing evidence that the defendant's actions showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b).

Presuming a jury finds plaintiffs to be entitled to recover compensatory damages from ICI on their design defect claim under the risk-utility analysis set forth in *Banks I,* the jury clearly would be authorized, when weighing a possible award of punitive damages, to consider whether and to what extent ICI's actions were influenced, affected, or dictated by the status of the law in this State and any other applicable state at the time of its actions. However, because any award of punitive damages must be based on clear and convincing evidence that ICI acted in a manner set forth in OCGA § 51-12-5.1 (b), it follows that evidence showing mere negligence in the design of the rodenticide cannot serve as the basis for an award of punitive damages. Thus, contrary to ICI's argument, the jury's consideration on retrial of punitive damages does not mean that ICI could be held

liable for punitive damages because it failed to adhere to the legal standard in *Banks I*; rather, ICI can be held liable if and only if the evidence of its actions in regard to the rodenticide's design clearly and convincingly show the kind of aggravating circumstances that would support an award of punitive damages under OCGA § 51-12-5.1.

Therefore, the Court of Appeals erred by holding that plaintiffs are barred upon retrial from seeking punitive damages and its opinion is accordingly reversed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who dissents.*

FLETCHER, Presiding Justice, dissenting.

In *Banks v. ICI Americas*,[4] ("*Banks I*") the majority remanded the case to the Court of Appeals for a resolution of the remaining enumerations of error. ICI argued in one enumeration of error that the evidence did not support an award of punitive damages. The Court of Appeals reviewed the record and agreed. Given the absence of any discussion in this Court's opinion in *Banks I* of retroactivity, the Court of Appeals did not err in addressing and resolving a pertinent issue.

The majority's treatment of the *Chevron Oil*[5] factors blurs separate issues. Whether the risk-utility analysis adopted in *Banks I* is to apply to the parties in this case,[6] or retroactively to parties not yet before the court, is not in issue in this appeal. The sole question here is one of the availability of remedies. Looking at this narrow issue, the equities clearly weigh in favor of limiting plaintiffs on retrial to compensatory damages.

The purpose of punitive damages awards is to punish and deter egregious conduct. Imposing punitive sanctions based on a rule of law created after the conduct at issue does not further the purpose of deterring tortious behavior.[7] This is certainly true when under the prior law ICI's conduct was not tortious and ICI was not liable for any damages, including punitive damages.[8]

Banks contends it is fair to impose punitive damages because California and other states had adopted the risk-utility analysis at the time of the manufacture of the rat poison. It is more consistent with the public policy of this state, however, to judge ICI's conduct for the

---

[4] 264 Ga. 732 (450 SE2d 671) (1994).

[5] *Chevron Oil Co. v. Huson*, 404 U. S. 97, 106-107 (92 SC 349, 30 LE2d 296) (1971).

[6] In its motion for reconsideration following *Banks I*, ICI did not challenge the retroactive application of the risk-utility analysis to this case.

[7] Cf. *Stone Man, Inc. v. Green*, 263 Ga. 470, 472 (435 SE2d 205) (1993) (punitive damages award generally improper where defendant has met regulatory standards).

[8] See id. at 739 (Carley, J., concurring in part and dissenting in part).

purposes of punitive damages by the standards of conduct that governed in Georgia prior to *Banks I*. Furthermore, ICI certainly relied on pre-*Banks I* law when it expended resources in defending and *winning* this case under that law.

Retroactive imposition of punitive damages under these circumstances fails to satisfy basic notions of equity and fairness,[9] and, therefore, I respectfully dissent.

### DECIDED APRIL 29, 1996.

*Doffermyre, Shields, Canfield & Knowles, Robert E. Shields, R. Hutton Brown III, Richard A. Childs,* for appellants.

*Hagler, Hyles & Adams, M. Stephen Hyles, Rogers & Hardin, Brett A. Rogers, Phillip S. McKinney,* for appellee.

---

[9] See *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443 (113 SC 2711, 2724, 125 LE2d 366) (1993) (notice component of Due Process Clause is satisfied if prior law fairly indicated that a punitive damages award might be imposed).