**Irby EDWARDS III, Plaintiff,**

v.

**WISCONSIN PHARMACAL COMPANY, LLC, The Coleman Company, Inc., and John Does 1 and 2, Defendants.**

**Civil Action No. 3:13–cv–143–TCB.**

United States District Court,
N.D. Georgia,
Newnan Division.

Dec. 13, 2013.

Christopher Ron Smith, John Gary Phillips, Jr., Law Offices of Shane Smith, P.C., Peachtree City, GA, for Plaintiff.

Michael P. Bruyere, Michael Wolak, III, Freeman Mathis & Gary, LLP, William Douglas Ezzell, Pursley Lowery & Meeks, Atlanta, GA, for Defendants.

### *ORDER*

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Defendants Wisconsin Pharmacal Company and The Coleman Company's motion to dismiss Irby Edwards III's complaint [7].

## I. Background

This products liability suit was filed in the State Court of Fayette County, Georgia before being removed to this Court.

On August 6, 2011, Edwards applied onto himself an insect repellant—Coleman Insect Repellent, 40% Deet Sportsmen—that he had purchased. He then suffered third-degree burns.

The insect repellant was allegedly designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and sold by one (or both) of the Defendants. It was advertised to repel mosquitoes that may carry West Nile virus. And it was intended for personal use.

Edwards alleges that the insect repellant had latent properties that could cause third-degree burns. Moreover, although the Defendants knew or should have known about these properties, they never disclosed them or the associated risk of third-degree burns. Had they, Edwards would not have used their product.

The Defendants have moved to dismiss the complaint. Their motion will be granted in part and denied in part.

## II. Legal Standard

A claim will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citation omitted); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir.2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. And while all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir.2011), the court need not accept as true plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and ... determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937.

## III. Discussion

The Defendants argue that Edwards has failed to adequately plead any of the nine counts set forth in the complaint: (1) negligence (failure to warn); (2) strict liability; (3) breach of express warranty; (4) breach of implied warranty; (5) fraudulent misrepresentation; (6) vicarious liability; (7) negligent hiring, training, supervision, and retention; (8) products liability; and (9) punitive damages. In his response, Edwards admits that Georgia law does not recognize "products liability" as a separate tort, so this count (eight) will be dismissed.

## A. Count One: Negligence

■ Count one seemingly contains two negligence-based causes of action: one for the sale of a defective product and the other for failure to warn of the product's dangers. In Georgia, these are distinct causes of action because they implicate separate duties that product manufacturers owe their customers. *Chrysler Corp. v. Batten*, 264 Ga. 723, 450 S.E.2d 208, 211 (1994). The elements of these causes of action are otherwise the same.

■ To state a negligence claim, the plaintiff must plead facts sufficient to establish (1) a legal duty of the defendant; (2) breach of that duty; (3) damages; and (4) a causal connection between the defendant's breach and the plaintiff's damages. *Berry v. Hamilton*, 246 Ga.App. 608, 541 S.E.2d 428, 429–30 (2000) (citing *Tuggle v. Helms*, 231 Ga.App. 899, 499 S.E.2d 365, 367 (1998)). Under Georgia law, product manufacturers have a duty to exercise reasonable care in manufacturing their products so that they are reasonably safe for their intended and foreseeable uses and to warn the public of those damages arising from their products' use about which they know or reasonably should know. *Batten*, 450 S.E.2d at 211.

■ The Defendants argue that Edwards has not adequately pleaded causes of action for negligence or negligent failure to warn. Specifically, they attack his failure to allege "*how* any specific Defendant breached any duty in connection with [Edwards]" as well as his failure "to identify any causal connection between any *specific* Defendant's conduct and any injury suffered by [Edwards], and further fails to specify which Defendant's product caused his injuries." Thus, the Defendants contend that Edwards, like the plaintiffs in two unpublished Northern District of Georgia cases, fails to plead enough facts to state a claim for negligence under the

*Twombly—Iqbal* standard. *See Goodson v. Bos. Scientific*, No. 1:11–cv3023–TWT, 2011 WL 6840593, at *3 (N.D.Ga. Dec. 29, 2011); *Henderson v. Sun Pharm. Indus., Inc.*, 4:11–cv–60–HLM, 2011 WL 4024656, at *8 (N.D.Ga. June 9, 2011).

The Court disagrees. The purpose of Rule 8(a)(2) is to provide "the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, *quoted in Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir.2008). Here, the complaint sets forth the following facts:

(i) Edwards purchased Coleman Insect Repellant, 40% Deet Sportsmen;

(ii) the insect repellant is designed to be applied to the user's body;

(iii) the insect repellant is designed to repel mosquitoes, including those that carry West Nile virus;

(iv) the Defendants (either individually or jointly) were responsible for designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling, and selling the insect repellant;

(v) the Defendants placed this product into the stream of commerce;

(vi) Edwards applied the insect repellant as directed;

(vii) the insect repellant contains no warnings that using it as directed can cause third-degree burns; and

(viii) Edwards suffered third-degree burns after applying the insect repellant.

The complaint also identifies the legal duties that the Defendants owe to Edwards as a customer and a member of the public.

Considered holistically, these factual allegations, when accepted as true and

viewed in the light most favorable to Edwards, plausibly state a negligence claim for the sale of a defective product or failure to warn (or both). They also provide the Defendants with notice of the nature of the claim and the grounds on which it rests. Nothing else is required under Rule 8(a)(2), even after *Twombly* and *Iqbal.*

The Court has reviewed the unpublished orders that the Defendants cite and finds them distinguishable. First, the products at issue in those cases (medical devices and prescription drugs) are different in kind from the insect repellant at issue here. Second, the plaintiff's injuries in those cases arose long after the product was first used. *See Goodson,* 2011 WL 6840593; *Henderson,* 2011 WL 4024656. In any event, "[d]etermining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 (internal citations omitted). And so the Court has.

Accordingly, the Defendants' motion to dismiss count one will be denied. The Court will, however, require Edwards to file an amended complaint that makes clear which factual allegations apply to each Defendant[1] and that asserts distinct causes of action separately.

### B. Count Two: Strict Liability

■ Count two, like count one, seems to include more than one type of strict-liability claim under O.C.G.A. § 51–1–11(b)(1). Georgia law recognizes three types of product defects: manufacturing defects,

design defects and marketing/packaging defects. *Banks v. ICI Americas, Inc.,* 264 Ga. 732, 450 S.E.2d 671, 672 (1994). But in all cases the inquiry is the same: "whether a product was defective, and if so, whether the defect was the proximate cause of a plaintiff's injury." *SK Hand Tool Corp. v. Lowman,* 223 Ga.App. 712, 479 S.E.2d 103, 106 (1996).

■ To state a strict-liability claim the plaintiff must allege that (1) the defendant manufactured the allegedly defective product; (2) the allegedly defective product was not merchantable and reasonably suited for its intended use when the defendant sold it; and (3) the allegedly defective product proximately caused the plaintiff's injuries. *Chi. Hardware & Fixture Co. v. Letterman,* 236 Ga.App. 21, 510 S.E.2d 875, 877–78 (1999).

The Defendants principally raise two objections to this claim: first, Edwards "does not allege *any* specific design or manufacturing defect in Defendants' product or describe *how* the product is defective" and thus fails to plead causation under the *Twombly—Iqbal* standard; and second, Edwards does not specifically allege which Defendant was the designer, manufacturer, distributor, or seller of the insect repellant.

The Court disagrees. First, *Twombly* and *Iqbal* concern whether the plaintiff's factual allegations, when taken as true and viewed in the light most favorable to him, state a plausible *claim for relief.* Nothing in Rule 8(a), *Twombly, Iqbal,* or any other binding precedent requires a plaintiff to specifically plead facts that establish every element (e.g., causation) in order to state a

---

1. For example, ¶ 10 is ambiguous: "Defendant Wisconsin Pharmacal and/or Coleman designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and/or sold the [insect repellant]." As written, it is impossible to tell whether Edwards alleges that (1) Wisconsin Pharmacal was responsible for some of the listed actions and Coleman was responsible for the rest; (2) each Defendant undertook each action independently; or (3) they collaborated on each action.

claim. Second, as the Court recently noted, "there is a difference between the evidence needed to survive a motion for summary judgment or judgment as a matter of law and what must be alleged to satisfy Rule 8(a)." *Damian v. Montgomery Cnty. Bankshares, Inc.*, 981 F.Supp.2d 1368, 1383 n. 10, No. 1:12–cv–4472–TCB, 2013 WL 5951960, at *10 n. 10 (N.D.Ga. Nov. 8, 2013).

The complaint states a claim for strict liability. Edwards avers that the insect repellant was (1) manufactured by one (or both) of the Defendants; (2) sold in interstate commerce without any warning that its use could cause third-degree burns; (3) intended for personal use; and (4) caused him to suffer third-degree burns. Under the *Twombly—Iqbal* standard, these facts are sufficient to "permit the [C]ourt to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The Defendants' motion to dismiss count two will thus be denied.

### C. Counts Three and Four: Breach of Express and Implied Warranties

"Under Georgia's version of the [Uniform Commercial Code] ... only a very limited class of individuals who are not in privity with the seller are entitled to the protections of the seller's warranties." *Bryant v. Hoffmann–La Roche, Inc.*, 262 Ga.App. 401, 585 S.E.2d 723, 731 (2003). Thus, a plaintiff who does not plead facts that allow the court to infer that he is in privity with the defendant or part of the statutory class of protected persons fails to state a claim for breach of an express or implied warranty.

Here, Edwards alleges that one (or both) of the Defendants sold the insect repellant that he purchased. But he does not allege that the Defendant(s) sold the insect repellant to *him*. And common sense suggests that they did not. Thus, the well-pleaded facts do not give rise to a plausible claim for breach of express and implied warranty, and counts three and four will be dismissed. However, Edwards may re-plead these causes of action so long as he can truthfully assert that he purchased the insect repellant from the Defendant(s).

### D. Count Five: Fraudulent Misrepresentation

Federal Rule of Civil Procedure 9(b) provides that parties alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake," though scienter may be alleged generally. In this way, Rule 9(b) supplements rather than abrogates the notice-pleading requirements of Rule 8. To sufficiently plead a claim for fraud, the plaintiff must specify in the complaint

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir.2011), *cert. denied*, —— U.S. ——, 133 S.Ct. 109, 184 L.Ed.2d 23 (2012).

Edwards's complaint references only a single affirmative statement by the Defendants about the insect repellant, an "advertise[ment] ... that [said] it repels mosquitoes that may carry [W]est [N]ile virus." The complaint also states that the Defendants knew their product was unsafe

but failed to disclosed these risks.[2] Neither the alleged affirmative misrepresentation nor the supposed omission satisfies the heightened pleading standard of Rule 9(b). For instance, Edwards offers no details about when or where this alleged advertisement was placed. Nor does he state what material information was withheld—either from the general public, the FDA, or the medical and health-care communities. As a result, he fails to state a claim for fraudulent misrepresentation, and count five will be dismissed.

### E. Count Six: Vicarious Liability

■■■■ Count six seeks to hold the Defendants responsible under a theory of respondeat superior. Essentially, the claim is that two unknown individuals, John Does 1 and 2, working within the scope of their employment with one (or both) of the Defendants were the real culprits here: they knew the insect repellant was harmful or unsafe for its intended use but failed to fix the problem, recall the product or warn the general public. And as a result, Edwards suffered third-degree burns and incurred considerable financial losses.

This claim is substantively the same as count one (negligent sale of a defective product and negligent failure to warn). In both cases, Edwards alleges that the Defendants are responsible for the physical injuries and damages he suffered—directly in count one and vicariously in count six. Of course, count one rests on a fiction: as corporate entities, the Defendants can only act through their agents, and if they are liable at all, it is because of their agents. Put plainly, count one presupposes the existence of John Does whose negligence led to Edwards' injuries, so count six is redundant and will be dismissed.[3]

### F. Count Seven: Negligent Hiring, Training, Supervision and Retention

■■■■ In Georgia, an employer has a duty "to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's 'tendencies' or propensities that the employee could cause the type of harm sustained by the plaintiff." *Munroe v. Universal Health Servs., Inc.*, 277 Ga. 861, 596 S.E.2d 604, 606 (2004). Here, the individuals who allegedly were negligently hired and retained is unknown. So no facts related to these John Does' " 'tendencies' or propensities" have been pleaded. Nor are there any facts about what those who hired them knew or should have known about their background. Thus, the well-pleaded factual allegations fail to "nudge" Edwards' negligent hiring, training, supervision and retention claim from merely possible to plausible, and count seven will be dismissed.

### G. Count Nine: Punitive Damages

Under Georgia law, punitive damages "are awardable 'solely to punish, penalize, or deter a defendant.'" *Banks v. ICI Ams., Inc.*, 266 Ga. 607, 469 S.E.2d 171 (1996) (quoting O.C.G.A. § 51–12–5.1(c)). Punitive damages cannot be awarded upon proof of mere negligence; instead, "there

---

**2.** Edwards makes this same point a different way: "Defendants falsely and fraudulently represented to the medical and health-care community, to [me], the FDA, and the public in general, that the product had been properly tested and was found to be safe and/or effective." Compl. ¶ 47.

**3.** The Court was unable to locate a single products-liability case where a Georgia court granted relief under a theory of vicarious rather than direct liability.

must be clear and convincing evidence that the defendant's actions showed 'willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.'" *Id.* (quoting O.C.G.A. § 51–12–5.1(b)).

■ Edwards states a claim for punitive damages. He alleges that the Defendants not only knew that the insect repellant placed the general public at risk but also willfully chose not to disclose these risks. This is enough to satisfy Rule 8(a).

## IV. Conclusion

Wisconsin Pharmacal Company and The Coleman Company's motion to dismiss the complaint is GRANTED IN PART AND DENIED IN PART. Accordingly, counts three, four, five, six and seven are DISMISSED WITHOUT PREJUDICE, and count eight is DISMISSED WITH PREJUDICE. Defendants John Does 1 and 2 are DROPPED from this case. Edwards is ORDERED to file an amended complaint within fourteen days of the date of this Order that makes clear which factual allegations apply to each Defendant and that asserts distinct causes of action separately.

IT IS SO ORDERED.